# EXHIBIT 1

FILED
Superior Court of California
County of Los Angeles
03/29/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____K. Meloyer_____ Deputy

Electronically Received 03/18/2020 03:10 PM
Electronically Received 03/18/2020 03:10 PM

**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, California 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

**LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC**
Michael H. Rosenstein (SBN 169091)
Brian T. Shippen-Murray (SBN 288188)
10900 Wilshire Boulevard, Suite 300
Los Angeles, California 90024
Telephone: (310) 286-0275
Facsimile: (310) 286-0274
Attorneys for Plaintiffs,
ISRAEL GONZALES and
DARMONT CONSTRUCTION CORP.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ISRAEL GONZALES and DARMONT CONSTRUCTION CORP.,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: SC128379<br>Judge: Hon. Mark Young<br>Dept.: M<br><br>**PLAINTIFFS' [PROPOSED] JUDGMENT ON JURY VERDICT**<br><br>Trial: February 24, 2020<br>Filed: November 14, 2017 |

This action came on regularly for a jury trial on February 24, 2020, in Department M of the Superior Court of the State of California, County of Los Angeles, the Honorable Mark Young, Judge, presiding.

Plaintiffs Israel Gonzales and Darmont Construction Corp. ("Plaintiffs") appeared by their attorneys, Brian T. Shippen-Murray, Esq. of The Law Offices of Michael H. Rosenstein,

| | |
|---|---|
| 1 | LC and Gregory Sogoyan, Esq. of Strategic Legal Practices, APC. Defendant Mercedes-Benz |
| 2 | USA, LLC ("Defendant") appeared by its attorneys, Benson Douglas, Esq. and Ashley Oaks of |
| 3 | Lehrman Law Group. |

A panel of twelve persons was regularly impaneled and sworn to try the issues of Plaintiffs' causes of action for breach of implied warranty, breach of express warranty, and 30 day violation under the Song-Beverly Consumer Warranty Act, Civil Code section 1790 *et seq.* (the "Song-Beverly Act"). After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to twelve jurors, with instructions to return a verdict. The jury deliberated and on February 27, 2020, returned into Court with its verdicts as follows:

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

# BREACH OF IMPLIED WARRANTY

We answer the questions submitted to us as follows:

**1.     Did Plaintiffs' buy a motor vehicle distributed by Defendant?**

  __X__ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then answer question 5.

**2.     At the time of purchase, was Defendant in the business of distributing the Subject Vehicle?**

  __X__ Yes  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then answer question 5.

**3.     Was the Subject Vehicle the same quality as those generally acceptable in the trade?**

  _____ Yes  __X__ No

If your answer to question 3 is no, then answer question 4. If you answered yes, then answer question 5.

**4.     What amount are Plaintiffs entitled to receive as restitution to them for the Subject Vehicle?**

$ 118,613.69

Answer question 5.

## BREACH OF EXPRESS WARRANTY

**5.   Did Plaintiffs' buy a new motor vehicle distributed by Defendant?**

   __X__ Yes _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, then answer question 14.

**6.   Did Defendant give Plaintiffs a written warranty?**

   __X__ Yes _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, then answer question 14.

**7.   Did the vehicle have a defect covered by the warranty that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in Plaintiffs' situation?**

   __X__ Yes _____ No

If your answer to question 7 is yes, then answer question 8. If you answered no, then answer question 14.

**8.   Was the substantially impairing defect in the new motor vehicle caused by unauthorized or unreasonable use of the new motor vehicle after it was sold?**

   _____ Yes __X__ No

If your answer to question 8 is no, then answer question 9. If you answered yes, then answer question 14.

9. **Did Defendant or its authorized repair facility fail to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so?**

    __X__ Yes _____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, then answer question 14.

10. **Defendant fail to promptly replace or repurchase the Subject Vehicle?**

    __X__ Yes _____ No

If your answer to question 10 is yes, then answer question 11. If you answered no, then answer question 14.

11. **What are Plaintiffs' damages? Calculate as follows:**
    **Add the following amounts:**
    a. Total down payment plus total
    of monthly payments made:　　　　　　　　　　　　　　$118,613.69
    b. Incidental damages:　　　　　　　　　　　　　　　　$0.00

    　　　　　　　　　　　　　　　　SUBTOTAL: $118,613.69

    c. What is the number of miles that the vehicle was driven
    between the time when Plaintiffs took possession of the vehicle
    and the time when they delivered the vehicle to Defendant or its
    authorized repair facility to fix the problem?
    　　　　　　　　　　　　　　　Answer: ____0____ miles

**Calculate the value of the use of the vehicle before it was brought in for repair as follows:**

1.  Add dollar amount listed in line "a" above:  $118,613.69
2.  Multiply the result in step 1 by the number of miles the vehicle was driven before it was brought in for repair:   0
3.  Divide the dollar amount in step 2 by 120,000 and insert result in VALUE OF USE below:

VALUE OF USE: $    0

**Subtract the VALUE OF USE from the SUBTOTAL above and insert result in TOTAL DAMAGES below:**

TOTAL DAMAGES: $118,613.69

Answer question 12.

**12.** **Should a civil penalty be imposed?**

__X__ Yes _____ No

If your answer to question 12 is yes, then answer question 13. If you answered no, then answer question 14.

**13.** **What amount, if any, do you impose as a penalty? (You may not exceed two times the "TOTAL DAMAGES" that you entered in question 11.)**

PENALTY: $237,227.38

Answer question 14.

- 6 -

## 30 DAY VIOLATION

**14.    Did Plaintiffs' buy a new motor vehicle distributed by Defendant?**

　　　__X__ Yes _____ No

If your answer to question 14 is yes, then answer question 15. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**15.    Did Defendant give Plaintiffs a written warranty?**

　　　__X__ Yes _____ No

If your answer to question 15 is yes, then answer question 16. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**16.    Did the vehicle have a defect covered by the warranty?**

　　　__X__ Yes _____ No

If your answer to question 16 is yes, then answer question 17. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**17.    Was the defect caused by unauthorized or unreasonable use of the new motor vehicle after it was sold?**

　　　_____ Yes __X__ No

If your answer to question 17 is no, then answer question 18. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

18. **Did Defendant or its authorized repair facility fail to complete repairs within 30 days so as to conform the Subject Vehicle to the applicable warranties?**

  __X__ Yes _____ No

If your answer to question 18 is yes, then answer question 19. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

19. **What are Plaintiffs' Damages?**

$118,613.69

Dated: February 27, 2020                    Signed: /s/ Katherine Calef
                                                    Presiding Juror

After this verdict form has been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT JUDGMENT IS ENTERED AS FOLLOWS:**

**PLAINTIFFS ISRAEL GONZALES AND DARMONT CONTRUCTION CORP. ARE AWARDED UNDER THEIR CAUSES OF ACTION AGAINST DEFENDANT MERCEDES-BENZ USA, LLC AND JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFFS AS FOLLOWS:**

1. **$355,841.07** *with interest theron at the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid;*
2. Attorney's Fees of $_____ (TBD by Noticed Motion);
3. Costs of $_____ (TBD by Bill of Costs);
4. Prejudgment Interest of $_____ (TBD by Noticed Motion).
5. _____
   _____
   _____.

**IT IS SO ORDERED.**

Dated: 03/29/2020

HONORABLE MARK YOUNG

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

1  APPROVED AS TO FORM:

3  Dated: **3/18/20**          LAW OFFICES OF MICHAEL H. ROSENSTEIN

5                              By: _____
6                              Michael H. Rosenstein
7                              Brian T. Shippen-Murray
                               Attorneys for Plaintiffs,
8                              ISRAEL GONZALES and
                               DARMONT CONSTRUCTION CORP.

## PROOF OF SERVICE

### STATE OF CALIFORNIA IN THE COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Century Park East, Suite 600, Los Angeles, California 90067.

On March 18, 2029, I served the foregoing document described as **PLAINTIFFS' [PROPOSED] JUDGMENT ON JURY VERDICT** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**LEHRMAN LAW GROUP**
Kate S. Lehrman [klehrman@lehrmanlawgroup.com]
Benson Y. Douglas [bdouglass@lehrmanlawgroup.com]
Ashley E. Oaks [aoaks@lehrmanlawgroup.com]
12121 Wilshire Boulevard, 24th Floor
Los Angeles, California 90017
Attorneys for Defendant,
MERCEDES-BENZ USA, LLC

☒ **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, CA. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, CA, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY ELECTRONIC MAIL**: I caused to be transmitted the document(s) described herein via the electronic mail addresses listed above.

☒ **STATE:** I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on March 18, 2029 at Los Angeles, California.

Brian T. Shippen-Murray

- 11 -

JUDGMENT ON JURY VERDICT
SC128379