# EXHIBIT 2

Case 2:23-cv-05532-JLS-AFM Document 78-4 Filed 09/18/23 Page 2 of 9 Page ID #:827
Case 2:18-cv-06637-R-SK Document 157-4 Filed 10/24/19 Page 1 of 6 Page ID #:488
Case 2:25-cv-01222-DJC-JDP Document 14-2 Filed 05/23/25 Page 2 of 9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-06637-R-SK | Date | 10-24-2019 |
|---|---|---|---|
| Title | *Raul Estuardo Tiul Ortega v. BMW of North America, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motions for Attorneys' Fees (DE 129, 130)

## I.  INTRODUCTION

This case arises from Plaintiff Raul Estuardo Tiul Ortega's ("Plaintiff") purchase of a new 2015 BMW Mini Cooper bearing VIN WMWXS5C54FT829803 (the "Subject Vehicle") from non-party Nick Alexander Imports on May 2, 2015. On August 15, 2019, a jury returned a verdict finding Defendant BMW of North America, LLC ("Defendant"), the distributor of the Subject Vehicle, liable on each of Plaintiff's three causes of action: (1) violation of Song-Beverly Act—breach of express warranty, (2) violation of Song-Beverly Act—breach of implied warranty, and (3) violation of Song-Beverly Act Section 1793.2(b) and awarding $120,669.00, which included a penalty for willful violation of the Song-Beverly Act. Judgment was entered on August 30, 2019. The Judgment has since been amended to reflect a verdict for Plaintiff on the first and second causes of action and for Defendant on the third cause of action. The Judgment amount of $120,669.00 remains the same.

Presently before the Court are Plaintiff's Motions for Attorneys' Fees. Plaintiff has filed two Motions for Attorneys' Fees, one for each of the law firms that represented Plaintiff in this action. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** both Motions.

## II.  JUDICIAL STANDARD

The Song-Beverly Act provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

Case 2:23-cv-05532-JLS-AFM   Document 78-4   Filed 02/19/25   Page 3 of 9   Page ID #:828
Case 2:18-cv-06637-R-SK   Document 157-4   Filed 10/09/19   Page 20 of 22   Page ID #:4828
Case 2:25-cv-01222-DJC-JDP   Document 14-2   Filed 05/23/25   Page 3 of 9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-06637-R-SK | | Date | 10-21-2019 |
|---|---|---|---|---|
| Title | *Raul Estuardo Tiul Ortega v. BMW of North America, LLC* | | | |

In awarding attorneys' fees, courts retain broad discretion in determining what is a reasonable award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1137-39 (2001). The California Court of Appeal has expressly held that the lodestar method applies to determining attorneys' fees under the Song-Beverly Act. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 817 (2006). The lodestar method requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Graciano v. Robinson Ford Sales*, 144 Cal. App. 4th 140, 154 (2006). The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). To challenge attorneys' fees as excessive, the challenging party must "point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008). General arguments that fees are excessive, duplicative, or unrelated do not suffice. *Id.*

## III.   DISCUSSION

Plaintiff seeks fees incurred by the Knight Law Group, LLP ("Knight Law") and Hackler Daghighian Martino & Novak, P.C. ("HDMN"). Specifically, Plaintiff moves to recover fees incurred by Knight Law in the total amount of $65,453.68, comprised as follows: (1) attorneys' fees calculated according to the "lodestar" method in the amount of $33,595.00; (2) a lodestar multiplier of 0.5 in the amount of $16,797.50; and (3) an award of actual costs and expenses incurred in the amount of $15,061.18. Plaintiff moves to recover fees incurred by HDMN in the total amount of $212,844.38, comprised as follows: fees in the amount of $141,896.25, plus a lodestar multiplier of 0.5 in the amount of $70,948.13. Plaintiff has since withdrawn $8,923.75 from HDMN's fee bill for inadvertent duplicate entries and incorrect billing rates.

To assess the reasonableness of the attorneys' fees sought by Plaintiff, the Court considers the reasonableness of counsel's hourly rates and hours expended, as well as the reasonableness of the lodestar figure itself.

### A.   Counsel's Hourly Rates

In California, "the reasonable hourly rate . . . is that prevailing in the community for similar work." *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 185 Cal. App. 4th 866, 901 (2010) (internal quotations omitted). The Court has discretion to adjust the hourly rate based on the following facts, assuming they are not already subsumed in the lodestar calculation: (1) the novelty and difficulty of the questions involved, (2) the skills displayed in presenting those questions, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of

Case 2:23-cv-05532-JLS-AFM Document 157-4 Filed 02/19/25 Page 4 of 9 Page ID #:4829
Case 2:18-cv-06637-R-SK Document 154-2 Filed 10/29/19 Page 3 of 9 Page ID #:488
Case 2:25-cv-01222-DJC-JDP Document 14-2 Filed 05/23/25 Page 4 of 9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06637-R-SK | Date | 10-21-2019 |
|---|---|---|---|
| Title | *Raul Estuardo Tiul Ortega v. BMW of North America, LLC* | | |

the fee award. *Id.* at 1132, 1138. "The purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.* at 1132.

For the court to determine the hourly rate, "the parties seeking fees must submit 'satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2014 WL 12586434, at *12 (C.D. Cal. Nov. 7, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896-96 n.11 (1984)), *aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016). The district court may also rely upon its own familiarity with the legal market to set an attorney's hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff seeks fees incurred by the following attorneys at Knight Law: attorney Steve Mikhov at a rate of $550 per hour; attorney Amy Morse at a rate of $350 per hour; attorney Russell Higgins at a rate of $450 per hour; attorney Deepak Devabose at a rate of $275 per hour; attorney Kristina Stephenson-Cheang at a rate of $375 per hour; attorney Constance Morrison at a rate of $375 per hour; attorney Daniel Kalinowski at a rate of $250 per hour; attorney George Semaan at a rate of $225 per hour; attorney Mitchell Rosensweig at a rate of $325 per hour; attorney Natalee Fisher at a rate of $250 per hour; and attorney Erin Barns at a rate of $350 per hour. Furthermore, Plaintiff seeks fees incurred by the following attorneys and paralegals at HDMN: attorney Sepehr Daghighian at a rate of $550 per hour[1]; attorney Larry S. Castruita at a rate of $385 per hour; attorney Erik Schmitt at a rate of $275 per hour; attorney Lauren C. Martin at a rate of $275 per hour; and paralegal Andrea Plata at a rate of $75 per hour.

Defendant argues that while Plaintiff is entitled to recover attorneys' fees, costs, and expenses as the prevailing party, Plaintiff's attorneys' rates are unreasonably high and the number of lawyers who worked on the case was unnecessary. However, in challenging the reasonableness of fees, the opponent "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath v. County of Nevada*, 67 F.3d 248, 255 (1995). Failure to submit evidence on any specific aspect of Plaintiff's fee claim results in waiver of any objection. *Blum v. Stenson*, 465 U.S. 866, 892 (1984). Here, Defendant has submitted almost no evidentiary support for its opinion that Plaintiff's attorneys' rates are too high. Defendant's own attorneys' rates, which appear to be significantly below-market, are not conclusive evidence of a reasonable hourly rate. *See Goglin v. BMW*

---

[1] Hackler Daghighian Martino & Novak, P.C. increased the hourly rates for its attorneys on January 1, 2019. For the sake of simplicity and to evaluate the reasonableness of the highest rates charged by HDMN in this matter, the Court notes only the most recent rates billed by HDMN attorneys.

Case 2:23-cv-05532-JLS-AFM Document 18-4 Filed 09/19/23 Page 5 of 9 Page ID #:980
Case 2:18-cv-06637-R-SK Document 157-8 Filed 10/23/19 Page 5 of 9 Page ID #:489
Case 2:25-cv-01222-DJC-JDP Document 14-2 Filed 05/23/25 Page 5 of 9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-06637-R-SK | Date | 10-21-2019 |
|---|---|---|---|
| Title | ***Raul Estuardo Tiul Ortega v. BMW of North America, LLC*** | | |

*of North Am., LLC*, 4 Cal. App. 5th 462, 473-74 (2016). Plaintiff, on the other hand, has submitted ample evidence showing that his attorneys' rates are in line with, and in some cases lower than, those of comparable attorneys in the community. Thus, Plaintiff's attorneys' hourly rates are reasonable.

In addition to the attorneys' rates, Defendant criticizes Plaintiff's use of 15 attorneys. However, Defendant ignores the fact that it also relied on a large team of attorneys and that it is not uncommon for Defendant to do so in lemon law cases. Moreover, Plaintiff's law firms claim to have a strategy of having specialized attorneys work on different aspects of the case, which results in greater efficiency and efficacy. This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing except for those duplicate entries that have been withdrawn by Plaintiff.

Based on the submitted materials and the Court's familiarity with the current local market, the Court finds that Plaintiff's requested hourly rates are reasonable.

B. <u>Counsel's Hours Expended</u>

Plaintiff seeks fees for 96.4 hours by Knight Law and 350.5 hours by HDMN, excluding the time spent in connection with its Motion for Attorneys' Fees.

After reviewing the submitted materials, the Court finds that the billing entries of each attorney are reasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (explaining that, in most instances, courts "should defer to the winning lawyer's professional judgment" about hours spent on the case). There is nothing objectionable about Plaintiffs' attorneys' relatively infrequent use of "block billing." In each case where Plaintiffs' attorneys billed collectively for multiple tasks, those tasks were performed in connection with the same end-product and, therefore, were reasonably included together.

Defendant has provided no support for its claim that "excessive time" was incurred on many tasks. The billing entries by both firms are verified and attested to by Mr. Mikhov of Knight Law and Mr. Daghighian of HDMN. Verified attorney time records are presumptively correct. *See Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th 359, 396 (2005). Likewise, there is nothing unusually vague about the attorneys' billing entries. For instance, the billing entry "communication with client" is intended to protect the attorney-client privilege and is not so vague that Plaintiff should be denied fees for such entries, as long as the time spent on each task is itself reasonable. The Court finds that the billing entries are described with adequate specificity and that, with the exception of duplicative entries that have been withdrawn, the time spent on each task is also reasonable.

Case 2:23-cv-05532-JLS-AFM Document 78-4 Filed 02/18/25 Page 6 of 9 Page ID #:4831
Case 2:18-cv-06637-R-SK Document 157-4 Filed 10/23/19 Page 6 of 9 Page ID #:3493
Case 2:25-cv-01222-DJC-JDP Document 14-2 Filed 05/23/25 Page 6 of 9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-06637-R-SK | | Date | 10-21-2019 |
|---|---|---|---|---|
| Title | *Raul Estuardo Tiul Ortega v. BMW of North America, LLC* | | | |

### C.  Lodestar Calculation

After accounting for the time spent in connection with these Motions and the entries withdrawn by HDMN, Plaintiff requests lodestar amounts of $33,595.00 for fees incurred by Knight Law and $132,972.50 for fees incurred by HDMN. These totals themselves are not unreasonable, and "there is a 'strong presumption' that the lodestar figure is reasonable[.]" *Kerkeles v. City of San Jose*, 243 Cal. App. 4th 88, 100 (2015) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010)).

However, the Court deems certain billing entries in connection with Plaintiff's attempt to file a late expert witness report to be excessive. Plaintiff failed to file an expert report with its Rule 26 disclosure designating Steven R. Miller as an expert witness and, therefore, failed to meet the deadline to do so. Accordingly, Mr. Miller was precluded from testifying in this case. After failing to meet the deadline to file the report, HDMN billed 11.75 hours for a total of $4,523.75 in fees for tasks related to the expert report and Plaintiff's attempts to have Mr. Miller testify. While Plaintiff's efforts to correct his failure to timely submit an expert report were not entirely unnecessary, the amount billed was excessive under the circumstances. Accordingly, the Court reduces these fees by 50% to $2,261.88.

After accounting for this additional reduction, Plaintiff is entitled to attorneys' fees totaling $164,305.63, comprised of $33,595.00 for fees incurred by Knight Law and $130,710.63 for fees incurred by HDMN.

### D.  Lodestar Multiplier

Once a lodestar amount is determined, the amount may be augmented by taking various relevant factors into account, including: "(1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 819 (2006).

Plaintiff seeks a lodestar multiplier of 0.5 for the fees incurred by both firms. However, the Court finds Plaintiff's arguments unpersuasive. First, there was no novelty to this case and no special skill was required to handle it. This was a run of the mill Song-Beverly case in virtually every way, and the legal issues were common to Song-Beverly cases in which Plaintiff's counsel specializes. Second, Plaintiff does not even make an argument that counsel was precluded from taking on other work. Third, the Court rejects Plaintiff's argument that the uncertainty of prevailing in this matter based on a contingent fee warrants an award adjustment. While Plaintiff claims that Defendant dragged this case out unnecessarily and Plaintiff's counsel risked recovering nothing in exchange for the time expended and costs advanced,

Case 2:23-cv-05532-JLS-AFM Document 18-4 Filed 09/18/23 Page 7 of 9 Page ID #:282
Case 2:18-cv-06637-R-SK Document 157 Filed 10/23/19 Page 8 of 9 Page ID #:4933
Case 2:25-cv-01222-DJC-JDP Document 14-2 Filed 05/23/25 Page 7 of 9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-06637-R-SK | Date | 10-21-2019 |
|---|---|---|---|
| Title | ***Raul Estuardo Tiul Ortega v. BMW of North America, LLC*** | | |

risk and delay are inherent in every contingency matter. Thus, the Court denies Plaintiff's request for a lodestar multiplier of 0.5.

    E. <u>Costs and Expenses</u>

In addition to attorneys' fees, Plaintiff moves to be reimbursed for costs and expenses incurred by Knight Law in the amount of $15,061.18. Under the Song-Beverly Act, a prevailing buyer shall be allowed to recover, as part of the judgment, a sum equal to the aggregate amount of costs and expenses. Cal. Civ. Code § 1794(d).

The next day after filing the present Motions, Plaintiff filed an Amended Application to the Clerk to Tax Costs in the amount of $15,061.18. Because that application is currently pending and subject to several objections, the Court declines to make a determination on costs at this time.

## IV. <u>CONCLUSION</u>

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motions for Attorneys' Fees. (DE 129, 130). Plaintiff is hereby awarded attorneys' fees in the total amount of $164,305.63. That total is comprised of the following: $33,595.00 in attorneys' fees incurred by Knight Law; and $130,710.63 in attorneys' fees incurred by HDMN.

**IT IS SO ORDERED.**

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | cch |

1

## **PROOF OF SERVICE**

2

[CCP, 1013a (3) CRE Rule 2006]

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 433 North Camden Drive, Fourth Floor, Beverly Hills, CA 90210.

4

5

    On <u>November 7, 2019</u>, I served the foregoing document described as:

6

**DECLARATION OF SEPEHR DAGHIGHIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR COUNSEL HACKLER, DAGHIGHIAN, MARTINO & NOVAK'S ATTORNEYS' FEES**

7

8

That document was served on parties herein in this proceeding by placing true copies of the original in enclosed, sealed envelope(s) addressed as follows:

9

10

### **SEE ATTACHED SERVICE LIST**

11

**[](BY MAIL)** I am "readily familiar" with the practices of HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C., in collecting and processing correspondence and documents for mailing.  Under that practice, documents for mailing would be deposited with the US Postal Service on that same day this affidavit is signed with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date is more than 1-day after the day of deposit for mailing the affidavit.  [CCP § 1013]

12

13

14

15

[X] **(BY OVERNIGHT MAIL)** I am "readily familiar" with the practices of the HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C., for collection and processing of documents for mailing via overnight delivery. I caused such document(s) to be placed in a sealed envelope designated by the overnight service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnight service carrier with delivery fees paid or provided for. [CCP § 1013(c)]

16

17

18

19

[] **(BY ELECTRONIC MAIL)** I caused the document(s) to be transmitted by electronic mail to the e-mail addresses for each party indicated on the attached service list.

20

21

**[] (BY PERSONAL DELIVERY)** I caused to be delivered such envelope by hand to the addressee at the address indicated on the attached service list.

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25

Executed on <u>November 7, 2019</u>.

26

                          /s/Andrea Plata
                          Andrea Plata

27

28

DECLARATION OF SEPEHR DAGHIGHIAN IN SUPPORT OF
PLAINTIFFS' MOTION FOR COUNSEL HDMN'S ATTORNEYS' FEES

## SERVICE LIST

**KNIGHT LAW GROUP LLP**
Steve Mikhov, Esq.
10250 Constellation Blvd., Suite
2500 Los Angeles, CA 90067

*Counsel for Plaintiffs*

**NIXON PEABODY LLP**
Lisa Schwartz Tudzin, Esq.
One Embarcadero Center, 18th
Floor San Francisco, CA 94111
ltudzin@nixonpeabody.com

*Counsel for Defendants:*
*FCA US LLC and MOSS BROS INC.*

**CLARK HILL LLP**
Lynn R. Levitan, Esq.
Serje Havandjian, Esq.
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
llevitan@clarkhill.com
shavandjian@clarkhill.com

Scott S. Shepardson, Esq.
**ONGARO PC**
50 California Street, Suite 3325
San Francisco, CA 94111
sshepardson@ongaropc.com

3
[PROPOSED] ORDER

165