# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Dale, et al. v. BMW of North America, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**       (IN CHAMBERS) Order Re: Plaintiffs' Motion for Relief [DE 58]

## I.     INTRODUCTION and FACTUAL BACKGROUND

On August 11, 2022, Plaintiffs Denver and Anahita Dale ("Plaintiffs") filed a Complaint against Defendant BMW of North America, LLC ("Defendant") alleging that Defendant violated California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"). (ECF No. 1.)

On May 2, 2023, the Parties entered a settlement agreement through which Defendant agreed to pay Plaintiffs $15,000. (ECF No. 46.) On May 11, 2023, the Parties stipulated to dismiss the action with prejudice without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 50.) The Court subsequently closed the case.

On June 5, 2023, Plaintiffs filed a Motion for Attorneys' Fees (the "Fees Motion"). (ECF No. 51.) Defendant opposed, arguing not only that Plaintiffs' requested fees were excessive, but that Plaintiffs could no longer recover fees because the motion was untimely, having been filed more than 14 days after the stipulated dismissal in violation of Local Rule 54-7. (ECF No. 52.) In reply, Plaintiffs argued that the 14-day deadline did not apply because dismissal was without a court order and the stipulation permitted the Court to reopen the case. (ECF No. 55.) The Court ultimately agreed with Defendant, finding that the 14-day deadline applied and that the Fees Motion was therefore untimely. (ECF No. 57.) Because Plaintiffs did not provide any alternative argument as to whether the Court should excuse any untimeliness, the Court ended its inquiry there and denied the Fees Motion.

Presently before the Court is Plaintiffs' Motion for Relief (the "Relief Motion") from the Court's order denying the Fees Motion. (ECF No. 58.) For the foregoing reasons, the Court **GRANTS** Plaintiffs' Relief Motion and awards Plaintiffs $92,508.26 in attorneys' fees, costs, and expenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Dale, et al. v. BMW of North America, LLC* | | |

## II. MOTION FOR RELIEF

### A. Judicial Standard

Under Federal Rule of Civil Procedure ("Rule") 60(b)(1), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The determination of whether neglect is excusable is an equitable one that considers: (1) the dangers of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, and whether this reason was within the reasonable control of the party, and (4) whether the party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (applying *Pioneer* to Rule 60(b)). This determination is "committed to the discretion of the district courts." *Brandt*, 653 F.3d at 1112.

### B. Discussion

Plaintiffs seek relief from the Court's order denying their Fees Motion as untimely. Plaintiffs argue that they failed to timely file the motion due to a calendaring error which amounts to "mistake, inadvertence, or excusable neglect" under Rule 60(b)(1). Plaintiffs thereby request that the Court excuse their untimeliness and substantively rule on the Fees Motion.

Upon review of the record, the Rule 60(b)(1) factors weigh in favor of granting relief. First, it does not appear that Defendant suffered any prejudice as a result of Plaintiffs filing their motion 11 days late. Second, the 11-day delay was minimal and had little impact on the proceedings, particularly given that the Parties had already settled and dismissed. Third, the reason for delay was a calendaring error caused by a mistake of law. While a "lawyer's mistake of law in reading a rule of procedure is not a compelling excuse," such a mistake does not by itself preclude Rule 60(b)(1) relief. *Pincay v. Andrews*, 389 F.3d 853, 859–60 (9th Cir. 2004). Based on the totality of the circumstances, it appears that the mistake was not so egregious as to preclude relief. And finally, Plaintiffs appear to have acted in good faith, as there is no evidence that Plaintiffs intentionally delayed filing their motion.

Defendant does not dispute any of these factors. Rather, Defendant argues that the Court should deny relief because Plaintiffs, by originally arguing only that their Fees Motion was timely and not admitting to its calendaring error, made a strategic decision which they cannot undo using Rule 60(b). In support of this argument, Defendant cites a handful of cases from the Ninth Circuit and this District denying Rule 60(b) relief for "deliberate actions" by a party and its counsel. *See, e.g.*, *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006); *Diaz v. Heredia*, 2021 WL 4551199, at *2–3 (C.D. Cal. May 18, 2021). Defendant's argument fails for two reasons. First, Defendant offers no support for its assertion that Plaintiffs' failure to argue its mistake was a deliberate, strategic decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Dale, et al. v. BMW of North America, LLC* | | |

Nothing in the record suggests that Plaintiffs stood to gain a tactical advantage through their omission. Second, even if Plaintiffs' omission could be considered a deliberate strategic decision, the balance of the Rule 60(b)(1) factors would still weigh in favor of relief. To disregard those factors would contravene the Supreme Court's holding in *Pioneer*, which counseled against per se rules that rob the Court of its discretion. *Pincay*, 389 F.3d at 860 ("We are persuaded that, under *Pioneer*, the correct approach is to avoid any per se rule.") (citing *Pioneer*, 507 U.S. at 395 n.14).

Because relief is appropriate under Rule 60(b)(1), the Court **GRANTS** Plaintiffs' Motion for Relief and continues to address the merits of Plaintiffs' Fees Motion.

### III. MOTION FOR ATTORNEYS' FEES

#### A. Judicial Standard

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute or other rule allows the prevailing party to collect fees. *Id.* at 257. California Civil Code § 1794(d) is such a statute. It provides:

> If the buyer prevails in an action under [the Song-Beverly Act], the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d).

#### B. Discussion

Plaintiffs seek $135,435[1] in attorneys' fees ($90,290 with a 0.5x lodestar modifier) and $9,058.26 in costs as the prevailing party. Having received $15,000 as part of a settlement, Plaintiffs are the prevailing party and are entitled to reasonable attorneys' fees and costs under the Song-Beverly Act. The question then becomes whether Plaintiffs' requested fees are reasonable.

  1. *Reasonable Attorneys' Fees*

---

[1] In the original Fees Motion, Plaintiffs sought $128,047.50 in attorneys' fees. This appears to have been an error corrected in their Reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | ***Dale, et al. v. BMW of North America, LLC*** | | |

    To determine whether a claim for attorneys' fees is reasonable, the Court uses the lodestar calculation, which is the "product of reasonable hours times a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

    Plaintiffs assert that their lodestar amount, before any modifiers, is $90,290. Plaintiffs support this figure with the declaration of one of their attorneys, Mr. Daghighian, as well as their billing records. As a preliminary matter, the declaration does not appear to match the billing records. For instance, the declaration states that Mr. Daghighian performed 56.3 hours of work at $625/hour, and that he anticipated performing an additional 2.0 hours of work at $625/hour, which would amount to $36,437.50 at that rate. (Daghighian Decl. ¶ 7, ECF No. 51-1.) Yet, the billing records state that Mr. Daghighian performed 72.1 hours of work at $625/hour, amounting to $45,062.50. (Daghighian Decl., Ex. A at 10, ECF No. 51-2.) Adding up the hours as alleged in Mr. Daghighian's declaration, it would appear that the total amount of attorneys' fees is $85,365—$4,925 less than the $90,290 set forth in the actual billing report. Because $90,290 is the amount sought in the Fees Motion and the actual billing report is presumably more accurate than an attorney's declaration based on the billing report, the Court defers to the billing report, and begins its analysis based on the hourly rates and hours billed as follows:

| Attorney | 2023 Hourly Rate | 2023 Total Hours Billed | 2022 Hourly Rate | 2022 Total Hours Billed | Total Dollars |
|---|---|---|---|---|---|
| Sepehr Daghighian (Partner) | $625 | 72.1 | $575 | 4.1 | $47,420 |
| Michael H. Rosenstein (Partner) | $700 | 2.2 | $650 | 3.3 | $3,685 |
| Alastair Hamblin (Associate) | $550 | 61.2 | $500 | 10.1 | $38,710 |
| Brian T. Shippen-Murray (Sr. Attorney) | $550 | 0.5 | $500 | 0.1 | $325 |
| Jenifer Mullenix (Paralegal) | -- | -- | $75 | 2.0 | $150 |
| **TOTAL** | | 136 | | 19.6 | **$90,290** |

(*See* Daghighian Decl. ¶¶ 7–10, ECF No. 51-1.) These fees do not include any incurred as a result of Plaintiffs' Relief Motion, which Plaintiffs expressly waived. (Relief Motion at 7 n.1.)

    a.    *Reasonableness of Hourly Rates*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | ***Dale, et al. v. BMW of North America, LLC*** | | |

When determining a reasonable hourly rate, courts consider whether the stated rates "are within the range of reasonable rates charged by and judicially awarded [to] comparable attorneys for comparable work." *Child.'s Hosp. & Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 783 (2002). Rate determinations in other cases, particularly those setting a rate for plaintiff's attorneys, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts regularly consider data from the Wolters Kluwer Real Rate Report to determine a reasonable hourly rate. *See, e.g.*, *Pritchett v. Slauson Gas Station, LLC*, 2022 WL 319989, at *2 (C.D. Cal. Jan. 10, 2022) ("[T]his Court and others regularly consult the Real Rate Report . . . when awarding attorneys' fees because it is based on actual legal billing, matter information, and paid and processed invoices from a wide range of companies.").

Here, Plaintiffs submit evidence of past cases where Plaintiffs' attorneys had their rates approved. (*See* Daghighian Decl., Exs. C–O, ECF Nos. 51-4–16.) Defendant argues that the Court should disregard these cases as unrepresentative cherrypicked outliers. Instead, Defendant urges the Court to rely on the rates set forth in the 2021 Wolters Kluwer Real Rate Report. Specifically, Defendant argues that based on the report's rates for consumer goods attorneys, the Court should lower the attorneys' rates to $295/hour for partners and $215/hour for associates. (Hom Decl., Ex. A at 65, ECF No. 52-2.) However, these rates are based on the national average and fail to account for the higher-than-average rates reasonably charged by attorneys in Los Angeles, like Plaintiffs' attorneys. *See Pacheco v. Ford Motor Co.*, 2022 WL 845108, at *3 (C.D. Cal. Mar. 22, 2022) (declining to adopt fee reports that "focus on nationwide hourly rates rather than those in the Los Angeles market."). It appears that Plaintiffs' attorneys—lemon law trial attorneys operating in Los Angeles—do not fit neatly under any one of the report's categories. For instance, each of the following categories appears to be at least partially applicable:

| Litigation Attorneys in Los Angeles, CA | | | |
|---|---|---|---|
| **Role** | **First Quartile** | **Median** | **Third Quartile** |
| Partner | $475 | $715 | $1,042 |
| Associate | $402 | $602 | $806 |

(Hom Decl., Ex. A at 17.)

| Consumer Goods Attorneys Nationwide | | | |
|---|---|---|---|
| **Role** | **First Quartile** | **Median** | **Third Quartile** |
| Partner | $295 | $365 | $486 |
| Associate | $215 | $245 | $365 |

(*Id.* at 65.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | ***Dale, et al. v. BMW of North America, LLC*** | | |

| Commercial Attorneys Nationwide | | | |
|---|---|---|---|
| Role | First Quartile | Median | Third Quartile |
| Partner | $438 | $637 | $885 |
| Associate | $325 | $440 | $660 |

(*Id.* at 45.)

| Commercial Attorneys in Los Angeles, CA | | | |
|---|---|---|---|
| Role | First Quartile | Median | Third Quartile |
| Partner | $665 | $901 | $1,079 |
| Associate | $564 | $753 | $895 |

(*Id.* at 92.)

    Upon review of these categories, the Court finds that Plaintiffs' attorneys' hourly rates are consistent with the Real Rate Report. Each of the attorneys' rates are below the median for litigation attorneys and commercial attorneys in Los Angeles. While it appears that Plaintiffs' attorneys might better be described as consumer goods attorneys, particularly given that their firm is named California Consumer Attorneys, P.C., there is no data available for consumer goods attorneys in Los Angeles. Even then, given that attorneys in Los Angeles charge higher rates than the national average, the Court may reasonably infer that if there were data on consumer goods attorneys in Los Angeles, Plaintiffs' attorneys' fees would likely be consistent with such data. Thus, the Court accepts the hourly rates as reasonable.[2]

        b.    *Reasonableness of Hours Expended*

    With respect to the number of hours expended, Defendant argues that the total hours billed by Plaintiffs' attorneys are unreasonable by (1) challenging the credibility of several specific billing items, and (2) arguing that Plaintiffs' attorneys cannot recover fees incurred in preparing the Fees Motion. The Court addresses each argument in turn.

        i.    Specific Billing Items

---

[2] The Parties do not address the reasonableness of Ms. Mulenix's hourly rate as a paralegal. However, it appears that her hourly rate was below the median for virtually every industry according to the Real Rate Report. Thus, the Court finds her rate to be reasonable as well. (*See* Hom Decl., Ex. A, at 48–64, 68–71.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Dale, et al. v. BMW of North America, LLC* | | |

Defendant challenges numerous specific billing items for a variety of reasons. Upon review of these items, the Court agrees with two:

(1) In September and October of 2022, Mr. Hamblin spent 4.6 hours to draft the Rule 26(f) report and Mr. Rosenstein spent an additional 3.3 hours to prepare for and attend the Rule 26(f) scheduling conference. The Court does not find 3.3 hours to be a reasonable amount of time to spend preparing for and attending the scheduling conference. Accordingly, the Court reduces Mr. Rosenstein's hours by 2.
(2) In January and February of 2023, Mr. Hamblin spent 0.8 hours researching and discussing remand issues. This case was never removed, however, so Plaintiffs had no need to research remand. Accordingly, the Court reduces Mr. Hamblin's hours by 0.8.

ii.     Attorneys' Fees Incurred Preparing the Fees Motion

Defendants also argue that Plaintiffs' attorneys should not be allowed to recover fees related to preparing their Fees Motion. It is well-established under California law, however, that where attorneys' fees are recoverable by statute, reasonable attorneys' fees incurred in preparing a motion for attorneys' fees are also recoverable. *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 1002 (2009) (citing *In re Estate of Trynin*, 49 Cal. 3d 868, 875 (1989)).

Hours anticipated to be spent preparing for and attending a hearing on its Fees Motion are a different story, however. Plaintiffs' attorneys' hours include an additional two hours by Mr. Daghighian and seven hours by Mr. Hamblin, which Plaintiffs anticipated would be spent preparing for and attending a hearing on the Fees Motion. (Daghighian Decl. ¶¶ 7, 9, 11.) No such hearing ever took place, as the Fees Motion, as well as the instant Relief Motion, were taken under submission. The Court therefore excludes those hours.

Accordingly, the Court finds the lodestar amount to be $83,450, as shown below:

| Attorney | 2023 Hourly Rate | 2023 Total Hours Billed | 2022 Hourly Rate | 2022 Total Hours Billed | Total Dollars |
|---|---|---|---|---|---|
| Sepehr Daghighian (Partner) | $625 | 70.1 | $575 | 4.1 | $46,170 |
| Michael H. Rosenstein (Partner) | $700 | 2.2 | $650 | 1.3 | $2,385 |
| Alastair Hamblin (Associate) | $550 | 53.4 | $500 | 10.1 | $34,420 |
| Brian T. Shippen-Murray (Sr. Attorney) | $550 | 0.5 | $500 | 0.1 | $325 |
| Jenifer Mullenix (Paralegal) | -- | -- | $75 | 2.0 | $150 |
| **TOTAL** | | 126.2 | | 17.6 | **$83,450** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Dale, et al. v. BMW of North America, LLC* | | |

    2.    *Lodestar Multiplier*

The Court may adjust the original lodestar amount based on factors including "(1) the novelty and difficulty of questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). When determining whether an enhancement is appropriate, a trial court should not consider these factors to the extent they are already encompassed within the determination of the underlying lodestar amount. *Id.* at 1138.

Plaintiffs argue that the Court should apply a 0.5x enhancement to the lodestar because (1) Plaintiffs' attorneys undertook a substantial risk of nonpayment by taking the case on contingency, and (2) Defendant's allegedly "dilatory tactics" delayed payment. The Court disagrees. As to the first argument, it does not appear that Plaintiffs' attorneys undertook so substantial a risk to justify an enhancement. As one court observed, "a [lodestar] enhancement may not be appropriate when a statutory guarantee eliminates any uncertainty about whether costs will be awarded to the prevailing party, and this guarantee certainly applies to a Song-Beverly Act case." *Salmeron v. Ford Motor Co.*, 2020 WL 9217979, at *6 (C.D. Cal. July 14, 2020). As to the second argument, Plaintiffs do not provide any evidence that Defendant intentionally prolonged this litigation or otherwise acted in bad faith. Nor do Plaintiffs point to any authority holding that such behavior would justify an enhancement. Accordingly, the Court declines to apply a lodestar enhancement.

    3.    *Costs and Expenses*

In addition to attorneys' fees, the Song-Beverly Act also allows for the buyer to "recover part of the judgment a sum equal to the aggregate amount of costs and expenses." Cal. Civ. Code § 1794(d).

Plaintiffs seek $9,058.26 in costs and expenses. Defendant argues that this amount is excessive, as it includes $2,540.46 related to expert witness fees that are unrecoverable under the federal cost provisions set forth in Rule 54(d) and 28 U.S.C. § 1920. Defendant misses the mark.

Typically, courts sitting in diversity apply state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). An award of "costs," even in diversity cases, is normally governed by Rule 54(d), but there is an exception where a state law expressly defines "damages" to include "costs." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)). This is because under *Erie*, federal courts sitting in diversity apply federal procedural law, but state substantive law. *Feldman*, 322 F.3d at 666. California's Song-Beverly Act is one such law. Cal. Civ. Code § 1794(d). Courts sitting in diversity in Song-Beverly Act cases have accordingly awarded costs and expenses based on California state law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05668-RGK-PVC | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Dale, et al. v. BMW of North America, LLC* | | |

rather than Rule 54(d) and 28 U.S.C. § 1920. *See Zomorodian v. BMW of N. Am.*, 332 F.R.D. 303, 305–07 (C.D. Cal. 2019). Under California law, expert witness fees are recoverable in Song-Beverly Act cases. *Id.* at 307 (citing *Jensen v. BMW of N. Am.*, 35 Cal. App. 4th 112, 138 (1995)).

Because expert witness fees are recoverable under the Song-Beverly Act, the Court awards Plaintiffs the full $9,058.26 amount of costs and expenses.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Relief and awards Plaintiffs $83,450 in attorneys' fees, as well as $9,058.26 in costs and expenses, for a total of $92,508.26.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/snf |