# EXHIBIT 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**   ORDER RE: FEES AND COSTS

     1.    This is a Song-Beverly Act case that was transferred to Magistrate Judge Wilner on the eve of trial. The case then partially resolved with the kind help of Bankruptcy Judge Clarkson. The parties' resolution left the issue of fees and costs open for motion practice with me.

     2.    Plaintiffs' attorneys seek $132,000 in fees (including a hefty fee multiplier) and about $6,700 in costs. (Docket # 74.) The defense didn't challenge the expense portion of Plaintiffs' submission; the costs are awarded in full.

     3.    Based on my review of the fee request and the case history, the Court awards fees at the billing rates requested by Plaintiffs' lawyers. But the number of hours for which fees are sought will be reduced considerably due to the expertise of the firm. Additionally, given the nominal nature of the settlement, no multiplier is warranted here.[1]

**RELEVANT CASE HISTORY**

     4.    Plaintiffs leased a new car in 2019. The "gross capitalized cost" of the car was about $59,000. (Docket # 74 at 9.) The car developed a series of problems that led Plaintiffs to hire lawyers and bring this civil action in early 2022.

     5.    The manufacturer offered to settle the case in May 2022. The defense offer – $7,500 inclusive of fees and costs – was rejected. (Id. at 12.) A January 2023 settlement conference was also unsuccessful. Finally, after preparing for a March 2023 trial and

---

     [1]    I decline to rule on the parties' arguments regarding whether there was full compliance with Local Rule 7 before the submission of the motion. The "big ask" from Plaintiffs and the thin opposition from the defense convince me that the parties would not have "eliminate[d] the necessity" for the motion even if the lawyers met face-to-face for an extended period. L.R. 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

transferring the case to Judge Wilner, the parties reached a resolution through the good offices of Judge Clarkson. The result: a "cash and keep" settlement comprising a payment of $18,500 and the ability to pursue this motion. (Docket # 76 at 5-6.) I note that nothing in the parties' papers provided any insight into the components of the settlement amount (that is, how much likely was allocated to reimbursement, mileage offset, incidental/consequential damages, or civil penalties (if any)).

**ATTORNEYS' FEES**

  6. I've written quite a lot of Song-Beverly fee awards in the past few years. My now-familiar thoughts are summarized below.

  7. In this diversity action, a federal court applies the substantive law of the state. The Song-Beverly Act is a state consumer protection statute with detailed provisions governing the relationship between car owners and manufacturers. Among those is a fee-shifting provision:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, <u>including attorney's fees based on actual time expended</u>, determined by the court to have been <u>reasonably incurred</u> by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. C. § 1974(d).

  8. Courts should be mindful that Song-Beverly "is manifestly a remedial measure, intended for the protection of the consumer." <u>Kirzhner v. Mercedes-Benz USA</u>, 9 Cal. 5th 966, 972 (2020) (quotation omitted). To that end, the fee-shifting statute serves to enforce state law in the private context. The "fundamental objective" of such a provision "is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." <u>Graham v. DaimlerChrysler, Inc.</u>, 34 Cal. 4th 553, 564 (2004) (quotation omitted, interpreting parallel state statute).

  9. The Act requires a trial court to "make an initial determination of the actual time expended [by the consumer's attorneys]; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." <u>Nightingale v. Hyundai Motor</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

America, 31 Cal. App. 4th 99, 103 (1999). A trial court is required to conduct "an independent assessment of the evidence presented" regarding the reasonableness of the fees incurred in the representation. Ketchum v. Moses, 24 Cal. 4th 1122, 1140 (2001).

    10.    The "prevailing buyer has the burden" of demonstrating the reasonableness of a fee request. Goglin v. BMW of North America, LLC, 4 Cal. App. 5th 462, 470 (2016). Factors that a court may consider in evaluating the reasonableness of a fee application include "the complexity of the case and procedural demands, the skill exhibited [by the lawyers,] and the results achieved." Nightingale, 31 Cal. App. 4th at 104; Bratton v. FCA US LLC, 2018 WL 5270581 (N.D. Cal. 2018) (same). A trial court "plainly" has the authority to "reduce a fee award based on its reasonable determination" that a case was staffed in a way that "significant inefficiencies and inflated fees resulted." Morris v. Hyundai Motor America, 41 Cal. App. 5th 24, 39 (2019).

    11.    California law allows a fee award to "be enhanced under some circumstances." Graham, 34 Cal. 4th at 579. A fee award may be adjusted "to fix a fee at the fair market" to reflect "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Ketchum, 24 Cal. 4th at 1131.

    12.    "One of the most common fee enhancers [ ] is for contingency risk" of non-payment and delayed payment, both of which may cause "competent counsel [to] be reluctant to accept fee award cases" that are in the public interest. Graham, 34 Cal. 4th at 582. Additionally, a fee multiplier may be appropriate when "an exceptional effort" by plaintiff's lawyers "produced an exceptional benefit" for the client or the community. Thayer v. Wells Fargo Bank, 92 Cal. App. 4th 819, 838 (2001).

\* \* \*

    13.    In earlier orders, I've broadly accepted the reasonableness of the hourly rates charged by Mr. Daghighian and his CCA colleagues in these cases. See, e.g., Nguyen v. Mercedes-Benz, CV 22-146 MRW (C.D. Cal. 2023) (Docket # 42). They're pretty high, but fairly reflect the caliber of work performed and the contingent nature of the representation. To the extent that the rates have creeped up further in 2022 and 2023,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

I'm well aware of the impact of inflation in the local economy. If I get a modest COLA from the government, so do the lawyers.[2]

14. But two key reviewing principles come with that acknowledgement. First, these specialized attorneys are expected to handle these matters more efficiently than non-experts in this area. That means routine work (discovery, form pleadings, etc.) should be performed in less time. Second, there shouldn't be any charge to the client or to the manufacturer when one lawyer gets another up to speed or is training another to do basic work. Ketchum, 24 Cal. 4th at 1140.

15. I note that the defense submission that challenged Plaintiffs' fee request was among the least helpful that I've reviewed in recent years. (Docket # 76.) The Lewis Brisbois firm made virtually no effort to highlight or explain the unreasonableness of the CCA bill (save for the obvious complaint about the arbitration motion opp and anticipated fees for the fee motion itself). (Id. at 12-14.) I'd dare say that I spent more time with the CCA bill than BMW's own lawyers. That's disappointing. But my obligation to independently assess the reasonableness of the fee request – with or without any meaningful help from the defense – requires that line-by-line analysis. Morris, 41 Cal. App. 5th at 39.

16. So, here goes. We start with the bill of Mr. Martinez, a mid-level associate who handled the bulk of the pretrial work at a more modest rate than his partners. The gross timesheet listed 85 hours of time spent on this action. That will be reduced to 34.5 hours for the following reasons:

> a. There's no problem with the couple of hours spent reviewing the client's docs at the outset in December 2021. However, the tics-and-tacs of internal communications or client hand-holding in January and February 2022 are not compensable. Further, the time spent on the Rule 26 prep / initial disclosures and reviewing Judge Fitzgerald's standard orders was excessive. Reduced.

---

[2] The defense's objections to the evidentiary material that Plaintiffs submitted in support of the hourly rates are overruled. Further, I previously accepted the corrected submission of excerpts of the 2021 fee survey that Defendant proffered. (Docket # 78-2 at 6.) However, I don't find the "first quartile" rates to be representative of the skill level of attorneys in a specialized and litigious area of the law such as the SBA practice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

    b. The time spent opposing the arbitration motion – which Mr. Daghighian himself admits that BMW "consistently loses and seemingly files for no reasons" (Docket # 79 at 9) – is wildly out of line with my expectations for a specialist firm. Did Mr. Martinez seriously spend an entire business day researching and writing a standard brief on May 16? I don't buy it. Time reduced to 3.0 hours.

    c. June and July bills – I don't understand the timesheet entry of analyzing the Benavides family's documents regarding damages at this stage. I also found the time spent on formulaic discovery requests, a deposition notice, and communications with partners to be unnecessarily high. Reduced.

    d. November 2022 – Reductions to excessive time spent reviewing defense document production, discussions with client and paralegal, and "notes to file." Also, standard client responses to interrogatories on Nov. 28 and Dec. 12 couldn't (or shouldn't) have taken that long.

    e. January 2023 – Time preparing exhibit list and meeting with the boss in prep for mediation was unreasonable. "Synthesizing" a document production? Uh huh.

    f. February 2023 – Time spent on standard trial docs (voir dire questions and verdict forms) was eye-catching and reduced. 2+ hours for a cut-and-paste trial brief reduced as unreasonable.

    g. May and June 2023 – Reduced duplicative time on preparing settlement materials for latest go-around. Time on fee motion reduced to 2.0 hours.

    17. Mr. Rosenstein is described in the moving papers as "one of the most experienced lemon law trial attorneys in the State." (Docket # 74-1 at 3.) I agree; he is. But I respectfully disagree that this innocuous case – even against a major manufacturer and a well-funded defense firm – warranted the services of two trial-hardened barristers (Rosenstein and Daghighian) and a supporting associate.

    18. Given that Mr. Daghighian (an equally gifted trial lawyer) attended the pretrial conference with Mr. Rosenstein, handled many pretrial tasks, and likely was to have a speaking role at the anticipated trial with Judge Fitzgerald, the time that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

Mr. Rosenstein billed for prep and meeting the clients was unreasonable. I don't have an issue with Mr. Rosenstein pinch-hitting for the 30(b)(6) deposition. So, the number of hours allocated to his bill is reduced to 4.8.[3]

19.  Mr. Daghighian's fee bill gets a more modest haircut. He billed about 73 hours, most of which was attributable to the headline work of court hearings, settlement proceedings, and some prep for the early 2023 trial. That's appropriate. The reductions I'm making (to bring the bill down to 61 hours) are for duplicative / training work or because of the fee motion issues:

    a.  April and June 2022 – Time on arbitration motion reduced. If it's a routine motion, it's a routine motion.

    b.  January 2023 – Trial prep costs (separate from mediation prep) excessive this far from actual trial date. Reduced to 2.0 hours.

    c.  March 2023 – I actually found the 26 hours spent in pretrial prep to be pretty reasonable. Minor reduction on the Brady mileage offset issue (Half an hour? You know this cold), but the bulk is fine.

20.  By my calculation (attached at the back), the gross bill is reduced from $83,702.50 to **$53,597.50.**

### Fee Multiplier

21.  I decline to award a multiplier in this action. BMW offered a relatively nominal settlement amount early in the litigation. After preparing for one trial (MWF) and agreeing to another (MRW), the case settled for modestly more than that amount. It's hard to say that a repayment of $18,000 in lease fees is an exceptional result. It also doesn't appear to reflect any significant civil penalty under the Act, or approach what might have been a pin-the-needle trial result.[4]

---

[3]  Note that the Court is not ruling that the fees charged are disproportionate with the size, scope, or nature of the case, as Plaintiffs discuss in the reply submission. Rather, I conclude that the staffing was not reasonable. That's well within the Court's purview. Ketchum, 24 Cal. 4th at 1140; Morris, 41 Cal. App. 5th at 39.

[4]  I don't find any value in the keep-the-car component of the settlement. The Benavides family thought so little of the car that they (a) hired lawyers, (b) sued the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

22. The considerations that typically weigh in favor of a fee multiplier aren't here, or they're baked into the remuneration rate (contingency nature of the case, special skills of the lawyers, etc.). In the absence of a special result, there's no special award. Multiplier denied. Graham, 34 Cal. 4th at 582; Thayer, 92 Cal. App. 4th at 838.

## COSTS

23. Plaintiffs also seek to recover their costs from the lawsuit. "California law provides that prevailing plaintiffs can recover" costs and expert witness fees in Song-Beverly Act cases brought in federal court. Zomorodian v. BMW of North America, 332 F.R.D. 303, 307 (C.D. Cal. 2019); Jimenez v. Jaguar Land Rover, No. CV 18-2530 MRW (C.D. Cal. 2020) (same). Those costs must be fair and reasonable under the statute.

24. BMW didn't oppose the cost request, so I'll accept that the charges (mostly deposition and expert fees) are reasonable. The final approved cost bill is **$6,753.13**.

## CONCLUSION

25. The Court directs Defendant BMW to pay Plaintiffs' attorneys these sums within four weeks.

---

manufacturer, and (c) tried to make BMW buy it back. If the resolution was that they keep the lemon rather than junk it with the company, that doesn't feel like a win to me.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-633 MRW | Date | August 25, 2023 |
|---|---|---|---|
| Title | Benavides v. BMW of North America | | |

| Attorney | Time | Fee |
|---|---|---|
| Murray | 0.3 | $155.00 |
| Martinez | 34.5 | $12,367.50 |
| Rosenstein | 4.8 | $3,335.00 |
| Daghighian | 61.0 | $37,740.00 |
| **Grand Total** | 100.6 | **$53,597.50** |