EXHIBIT 5

2020 WL 10573204
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

GARCIA
v.
FCA

Case No. CV 17-2198 MRW
|
Filed 06/15/2020

**Attorneys and Law Firms**

Lauren Andrea Ungs, Knight Law Group LLP, Oakland, CA, Russell W. Higgins, Steve Mikhov, Amy-Lyn Morse, Daniel Max Kalinowski, Deepak Devabose, Knight Law Group LLP, Sepehr **Daghighian**, Hackler **Daghighian** Martino and Novak PC, Los Angeles, CA, for Garcia.

Aaron M. Brian, Kristi J. Livedalen, Nixon Peabody LLP, Los Angeles, CA, Sharon L. Stewart, Scott Steven Shepardson, Ongaro PC, Jennifer A. Kuenster, Nixon Peabody LLP San Francisco, CA, for FCA.

**Proceedings:** ORDER RE: COSTS AND **ATTORNEYS' FEES**

Michael R. **Wilner**, United States District Court Judge

**\*1** 1. Another day, another disputed fee motion in a Song-Beverly Act case. But the papers here were considerably more helpful than in the past. Aspects of Chrysler's opposition brief and its specific contentions about the Knight firm's bill were very clear in their criticism. And Mr. Kalinowski's thoughtful and gracious reply – particularly as it backtracked on parts of the invoice – also advanced the process.

2. And the bill as a whole isn't eye-popping. The revised lodestar request of under $25,000 in fees for a case that (a) lasted nearly three years in litigation and (b) resulted in a top-tier resolution isn't remarkably out of line. I'll nibble a bit at some of the duplicative work in the case. My biggest criticism is at the bill-for-the billing itself. The opening papers were disappointing silent or wrong on key points regarding the case. That necessitated the backtracking in the reply. Justice demands that the defense not pay for inflated fees or legal work spent on withdrawing those fees.

3. I calculate the revised lodestar fee to be $19,380. I've consistently awarded a 15% multiplier when the Knight firm's representation has led to a max-value settlement like here. The amplified fee bill after my adjustments is therefore $22,122.

4. Plaintiff submitted a revised cost bill seeking about $9,500. (Docket # 50.) I'm generally OK with this. I accept some of Chrysler's objections. The final bill gets knocked down to $7,924.09.

**ATTORNEYS' FEES**

5. If anyone needs a mini-treatise on SBA fee law, take a look at my earlier Program orders.

6. I've previously accepted the reasonableness of the hourly rates charged by the Knight lawyers in these cases. And, to a large extent, the revised fee request conforms to my previously-stated expectations regarding responsible, efficient billing by a firm that specializes in Song-Beverly litigation. Basic things should take them less time than other practitioners given their expertise.

7. The revised bill (as laid out in the reply brief and the Excel spreadsheet of the invoice that I spent an afternoon with) requests $24,965 in compensation based on 76.9 hours of billed legal work. (Docket # 52 at 19.) The Court's further deductions are as follows:

   a. The fee application itself. The Knight firm purported to spend 4.5 hours on a brief that incorrectly stated the purchase price of the vehicle (pretty basic stuff), messed up Chrysler's ADR procedure (so the brief was obviously borrowed from an unrelated case), and failed to inform the Court about the basis for the super-important fact that this was an above-cost recovery for Plaintiff. And it overbilled for a lot of costs. That led to poor Mr. K filing a 19-page reply to fix these problems. The rest of the application was a series of old fee orders

Garcia v. FCA, Slip Copy (2020)

from other judges that I've already asked you not to submit. The request for fees associated with the fee request is cut to a total of 5.0 hours (2 hours (grudgingly) for the application, 3 hours for the fix-it reply, and nothing for the vacated hearing). I affirmatively exercise my discretion not to compensate the Knight firm for time spent in rectifying its own billing errors – you don't get paid for that under Song-Beverly.

**\*2** b. Mr. Mikhov's bill for looking at the form answers/denials is reduced to 0.2 hours.

c. Ms. Morse's bill for drafting basic discovery – particularly requests for admissions in the state court litigation on Halloween 2016 – is reduced to 0.6 hours.

d. So too is Ms. Lumasag's and Mr. Devabose's review of the responses to discovery. Did they really spend more time reviewing the response to the RFAs than to the substantive documents that came in from Chrysler? C'mon. That, and the standard discovery dispute letter, are not reasonable time expenditures and have been reduced.

e. I'm actually OK with the bill that Ms. Morrison submitted for the deposition work. I'm <u>not</u> OK with the post-game summaries that Ms. Stephenson-Cheang and Mr. Devabose spent time on. That's patently duplicative, even at a modestly lower hourly rate.

f. Finally, I don't know how may times I have to say it, but Dr. Luna was <u>never</u> intended to provide testimony on a compensable Song-Beverly Act claim. Not ever. Any time spent related to Dr. Luna (drafting a depo notice, reviewing her report, taking her out to Starbucks) cannot be recovered here.

8. My revisions to the self-reduced bill results in a total of 56.7 hours of legal time and a total fee of **$19,380.**

**Fee Multiplier**

9. Pardon me if I repeat myself, but Plaintiff's attorneys got a really good result for their client here. Chrysler originally refused to make a pre-litigation buyback offer to Plaintiff. (Docket # 52 at 5.) After she retained a lawyer, the company

offered a straight buyback several times before and after commencement of the case. (Docket # 48 at 6.) Yet, Chrysler acknowledges that "the facts of this particular case are unique," particularly given that Plaintiff incurred several thousand dollars in verifiable incidental damages. (<u>Id.</u> at 6 and n.3.)

10. At the conclusion of the litigation, the company offered: (a) a restitution amount that exceeded the actual purchase price of the car; and (b) an amount equal to a double civil penalty, or $125,000. (<u>Id.</u>) Plaintiff effectively pinned the needle with this Song-Beverly settlement. (I struggle to come up with new, witty ways of saying the same thing in these cases, particularly if I try to make it car-related in some way. Can you tell?)

11. The Court exercises its discretion to augment the fee award with a 15% multiplier. The lawyers got the best result available under the statute. Quality legal work and considerable contingency risk merit an incentive under the pro-consumer statute. Graham, 34 Cal. 4th at 582; Thayer, 92 Cal. App. 4th at 838.

12. The Court increases the fee award by **$2,742** (15% of the fees incurred before the fee award costs). The total fee award is therefore **$22,122** ($19,380 + 2,742 (bonus)).

**COSTS**

13. I remain of the opinion that expert witness and other costs are recoverable in this diversity action. The general federal prohibition of such recovery is inapplicable when an underlying state statute demonstrates a "special interest in providing litigants with full compensation" for litigation costs. Clausen v. M/V New Carissa, 339 F.3d 1049, 1065 (9th Cir. 2003). The pro-consumer cost-shifting provision of the Song-Beverly Act is about as clear as possible in establishing that "special interest" here. Zomorodian v. BMW of North America, 332 F.R.D. 303, 306-07 (C.D. Cal. 2019) (Gee, D.J.). I fully agree with Judge Gee: "California law provides that prevailing plaintiffs can recover expert witness fees" in a Song-Beverly Act case brought in federal court. Id. at 307; Jimenez v. Jaguar Land Rover, No. CV 18-2530 MRW (C.D. Cal. 2020) (same). However, those costs must be fair and reasonable under the statute.

233

Garcia v. FCA, Slip Copy (2020)

**\*3** 14. Some of the items in Plaintiff's revised cost bill (taking out the Luna and part of the Micale costs) are presumptively unreasonable. I don't understand why Fiat Chrysler is obliged to pay expenses that Plaintiff incurred to serve process on another entity, Crown Dodge. Similarly, a process server was not needed to notice the deposition of Chrysler's PMK as a party witness. There's no reason for those fees, so they're unreasonable. Also, the mileage costs of Plaintiff's attorney attending the depositions are built into the healthy rate I've already approved – she was paid well for her travel time.

15. I can't find anything unreasonable about the state jury fee or the service costs for the dealership's witnesses at third-party witnesses, though. These costs were related to advancing the litigation. So too was the cost of mediation. And the Richards deposition cost Plaintiff money – it's recoverable under the statute until the California Supreme Court or the Ninth Circuit tell me it's not.

16. Chrysler's objection to the remainder of the Micale cost bill is interesting. I'm not prepared today to deduct all of the time billed for travel from the North Country of our region. (But what if the Knight firm started using an auto expert from Oregon? New Hampshire? France? Would Chrysler be responsible for that travel time?) And I don't have a factual basis to conclude that time spent driving and evaluating the vehicle during the actual inspection process was excessive.

17. But I've seen expert reports from Mr. Micale and other consultants in these cases. They are boilerplate, repetitive, and generally offer cagy opinions without details. The expert most assuredly did not spend virtually a full eight-hour day slapping the report together here. The requested deduction of 3.75 hours – leaving an extraordinary 4 hours of time supposedly spent typing – is accepted.

18. My further deductions total $1,605.47. The accepted cost bill is **$7,924.09.**

**CONCLUSION**

19. The Court directs Defendant Fiat Chrysler to pay Plaintiff's attorneys these sums as promptly as the current health crisis will permit. If the bills aren't paid by the end of July, contact the Court for a telephone hearing.

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Garcia v. FCA, Slip Copy (2020)

| Attorney | Time | Fee |
|---|---|---|
| **ALM Total** | 7.2 | 2520 |
| **CM Total** | 17.2 | 6450 |
| **DD Total** | 11.2 | 3080 |
| **DK Total** | 3 | 750 |
| **CM Total** | 6 | 2100 |
| **ML Total** | 3.6 | 720 |
| **MRB Total** | 2 | 700 |
| **RH Total** | 1.9 | 760 |
| **SBM Total** | 4.6 | 2300 |
| **Grand Total** | 56.7 | 19380 |

**All Citations**

Slip Copy, 2020 WL 10573204

---

**End of Document**                                             © 2023 Thomson Reuters. No claim to original U.S. Government Works.

235