# EXHIBIT 6

Case 2:23-cv-05532-JLS-AFM Document 18-13 Filed 09/18/23 Page 2 of 8 Page ID #:281
Case 5:19-cv-00847-DOC-SHK Document 73 Filed 06/03/20 Page 1 of 7 Page ID #:1251
Case 2:25-cv-01222-DJC-JDP Document 14-6 Filed 05/23/25 Page 2 of 8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. ED CV 19-00847-DOC-SHK                  Date: June 3, 2020

Title: JORGE BARRERA v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES [72]**

Before the Court is Plaintiff Jorge Barrera's ("Barrera" or "Plaintiff") Motion for Attorney's Fees, Costs, and Expenses ("Motion") (Dkt. 72). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS IN PART** Plaintiff's Motion.

**I.**    **Background**

     **A.**    **Factual Background**

On or about December 31, 2016, Plaintiff leased a 2016 Land Rover Range Rover Sport (the "Vehicle") totaling $42,156.42 in lease payments. *See* Plaintiff's Memorandum in Support for Attorney's Fees ("Memorandum") (Dkt. 72) at 3:4-8; Opposition to Plaintiff's Motion ("Opposition") (Dkt. 75) at 8:22-23. Defendant Jaguar Land Rover North America ("Defendant") manufactured the Vehicle with a written warranty inside the Vehicle. *See* Mem. at 3:5. According to Plaintiff, he first presented

212

Case 2:23-cv-05532-JLS-AFM Document 18-13 Filed 09/18/23 Page 3 of 8 Page ID #:282
Case 5:19-cv-00847-DOC-SHK Document 78 Filed 06/03/20 Page 2 of 7 Page ID #:1252
Case 2:25-cv-01222-DJC-JDP Document 14-6 Filed 05/23/25 Page 3 of 8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 19-00847-DOC-SHK                                                              Date: June 3, 2020

Page 2

the Vehicle to a Land Rover authorized repair facility on February 15, 2017 for brake squeal and squeaking problems. *See id.* at 3:11-12. Thereafter, however, Plaintiff returned to the repair facility on five other occasions for air suspension system issues, transmission bucking, jolting, slipping, getting stuck in gear, and fuel tank concerns, but the problems continued. *See id.* at 3:17-23.

Plaintiff alleges that the Vehicle manifested serious nonconformities and that Defendant was unable to repair them in conformance with the warranty. *See* Compl. (Dkt. 1-1, Ex. A) ¶ 20. Plaintiff also alleges that Defendant had direct knowledge of the Vehicle's problems. *See* Mem. at 3:23-25. On or about July 2018, Plaintiff contacted Defendant and requested a repurchase of the Vehicle, which Defendant denied. *See* Mem. at 4:10.

### B.     Procedural Background

On April 4, 2019, Plaintiff filed the Complaint in California Superior Court, County of Riverside, alleging violations of California's Song-Beverly Consumer Warranty Act. *See generally* Compl. Defendant filed its original Answer in state court on May 1, 2019 and an Amended Answer on May 6, 2019. *See generally* Answer; Am. Answer (Dkt. 1-1, Exs. C-D). Then, on May 6, 2019, Defendant removed the case to this Court. *See generally* Notice of Removal ("Removal").

On five separate occasions, Plaintiff contacted the Defendant to settle. *See* Mem. at 5:3-28. On November 18, 2019, Defendant notified Plaintiff that it was not interested in a repurchase or reimbursement of payments. *See* Mem. at 6:8-9. However, during its ruling on motions *in limine* on January 22, 2020, the Court disallowed Defendants to present evidence demonstrating Plaintiff's knowledge that multiple visits to a repair shop was required for a repurchase. *See* Declaration of Brian Takahashi in Opposition to Plaintiff's Motion ("Takahashi Declaration") (Dkt. 75) at 10:17-18. Thereafter, Defendant contacted Plaintiff to settle. Opposition to Plaintiff's Motion ("Opp'n to Pl.'s Motion") (Dkt. 75) at 12:8-9. On February 25, 2020, both parties reached a settlement of $27,000 for the Plaintiff. *See* Opp'n at 12:14.

On April 1, 2020, Plaintiff filed the instant Motion. On May 11, 2020, Defendant filed its Opposition, and Plaintiff submitted a Reply (Dkt. 76) on May 18, 2020.

213

Case 2:23-cv-05532-JLS-AFM Document 18-13 Filed 09/18/23 Page 4 of 8 Page ID #:283
Case 5:19-cv-00847-DOC-SHK Document 76 Filed 06/03/20 Page 3 of 7 Page ID #:1253
Case 2:25-cv-01222-DJC-JDP Document 14-6 Filed 05/23/25 Page 4 of 8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 19-00847-DOC-SHK                                         Date: June 3, 2020

Page 3

## II.     Legal Standard

In a diversity action, the question of attorney's fees is governed by state law. *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 210 (9th Cir. 1980). Under the Song-Beverly Act, prevailing buyers are entitled to attorney's fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d) (West 2019). When considering an award for attorney's fees, the Song-Beverly Act requires the court to make an initial determination of the actual time expended and then to ascertain under all the circumstances whether the actual time expended and the hourly charge are reasonable. *Hanna v. Mercedes-Benz USA, LLC*, 36 Cal. App. 5th 493, 506 (2019).

When determining the reasonableness of the time expended and hourly charge, the court may consider circumstances such as, but are not limited to, "the complexity of the case and procedural demands, the skill exhibited and the result achieved." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). If the time expended or the hourly charge are not reasonable under the circumstances, then the court must award attorney's fees in a lesser amount. *Id*. The prevailing buyer has the burden to demonstrate that the fees incurred were "allowable," "reasonably necessary to the conduct of the litigation," and "reasonable in amount." *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 470 (2016). When the buyer has met its burden, absent a contrary showing, then the court must presume that the requested hours and rates are reasonable. *Serrano v. Unruh*, 32 Cal. 3d 621, 639 (1982). Moreover, the Song-Beverly Act allows the court to adjust the awarding of attorney's fees through the use of a multiplier under the lodestar method. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 821 (2006). The court may adjust this multiplier to fix the fee at the fair market value of the legal services provided. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). In determining whether to apply a multiplier, the court may consider factors including, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. *Id*.

## III.     Discussion

Neither party disputes that Plaintiff is the prevailing party and is entitled to reasonable attorney's fees, costs, and expenses. Plaintiff requests $148,542.50 in fees and a multiplier of 1.5, amounting to an additional $74,271.25. *See* Mem. at 22:19-20. Plaintiff also requests $12,123.01 in costs, bringing the total amount to $234,936.76. *See*

Case 2:23-cv-05532-JLS-AFM   Document 18-13   Filed 09/18/23   Page 5 of 8   Page ID #:284
Case 5:19-cv-00847-DOC-SHK   Document 78   Filed 06/03/20   Page 4 of 7   Page ID #:1254
Case 2:25-cv-01222-DJC-JDP   Document 14-6   Filed 05/23/25   Page 5 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 19-00847-DOC-SHK                                    Date: June 3, 2020

Page 4

Mem. at 22:21-22. The question is whether Plaintiff's request of $234,936.76 is reasonable. The Court concludes that it is not, and reduces the total award as discussed below.

### A.     Hourly Rate

A presiding court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting the fees. *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (2013). When determining the hourly rate, the court should be guided by the prevailing rate in the community for similar work. *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). Parties may present billing rates from comparable attorneys to determine the value of the prevailing rate in the community. *Serrano*, 32 Cal. 3d at 643.

Here, Plaintiff requests hourly rates between $275 and $600. *See generally* Declaration of Susan Yeck in Support of Plaintiff's Motion ("Yeck Declaration") Ex. 1 (Dkt. 73-1); Declaration of Sepehr Daghighian Support of Plaintiff's Motion ("Daghighian Declaration") Ex. A (Dkt. 74-1). Susan Yeck requests $600 per hour, Sepehr Daghighian requests $550 per hour, and Lauren Martin requests $275 per hour. *See generally* Yeck Decl. Ex. 1; Daghighian Decl. Ex. A. In support of her hourly rate, Yeck cites similar rates charged by other lemon law attorneys in California. *See* Yeck Decl. (Dkt. 73) ¶ 11. Daghighian submits the United States Consumer Law Attorney Fee Survey Report and similar rates approved by Southern California courts, including the Central District, in support of his firm's hourly rates. *See* Daghighian Decl. Ex. B (Dkt. 74-2) at 43; Daghighian Decl. (Dkt. 74) ¶¶ 38-46. The Court finds that Plaintiff's rates are generally reasonable and represent the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Defendant claims that Plaintiff's hourly rates are excessive and should be reduced. However, Defendant does not produce sufficient evidence demonstrating that the requested hourly rates are not the prevailing rate in the community.

### B.     Number of Hours

A court must also determine a reasonable number of hours for which the prevailing party should be compensated. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). A reasonable number of hours equals the number of hours which could have "reasonably been billed to a private client. *Shaw v. Ford Motor Co.*, No. 5:18-CV-01169-JLS-KK, 2020 WL 57273, at *4 (C.D. Cal. Jan. 3, 2020); *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 893 (9th Cir. 2006) (noting that the district court

215

Case 2:23-cv-05532-JLS-AFM Document 18-13 Filed 09/18/23 Page 6 of 8 Page ID #:285
Case 5:19-cv-00847-DOC-SHK Document 78 Filed 06/03/20 Page 5 of 7 Page ID #:1255
Case 2:25-cv-01222-DJC-JDP Document 14-6 Filed 05/23/25 Page 6 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 19-00847-DOC-SHK                                         Date: June 3, 2020

Page 5

may not "uncritically" accept the number of hours claimed by the prevailing party, but must find that the time actually spent was reasonably necessary). The court may exclude excessive or duplicative hours. *Thayer v. Wells Fargo Bank NA*, 92 Cal. App. 4th 819, 840 (2001). Moreover, the court may reduce the number of billed hours if trial counsel spent significant time on tasks that "should not have required anything more than [a] slight factual modification to [an] existing boilerplate." *Mikhaeilpoor v. BMW of N. Am., LLC*, 48 Cal. App. 5th 240, 250 (2020). The court may also reduce the number of billed hours when the practice of block billing prevents the court from credibly discerning which tasks are compensable. *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008).

Here, Plaintiff requests $148,542.50 for 343.6 hours. *See* Mem. at 22:19; Yeck Decl. Ex. 1 at 10; Daghighian Decl. Ex. A at 13. Yeck billed 140.1 hours, Daghighian 39 hours, Martin 151 hours, and paralegal Andrea Plata 13.5 hours. Yeck Decl. Ex. 1 at 10; Daghighian Decl. Ex. A at 13. Defendant argues that Plaintiff should not recover all of its hours because of the following deficiencies: (1) overbilling, (2) duplicative billing, and (3) improper block billing. *See* Opp'n at 19:25-26, 21:22, 20:18-20. The Court agrees with Defendant that some of these hours are not reasonable in amount. This was a straightforward Song-Beverly case that did not involve novel or complex issues.

For instance, Plaintiff's counsel have significant knowledge and expertise in lemon law litigation, yet billed an aggregate 8.3 hours to conduct background research and prepare the Complaint. Yeck Decl. Ex. 1 at 2-3. Plaintiff's Complaint in this case strongly resembles its complaint in a similar Song-Beverly case. *See* Takahashi Decl. Ex. A at 1-5; Takahashi Decl. Ex. B at 1-5. Hence, 8.3 hours to conduct background research and prepare a complaint is not a reasonable number of hours under the circumstances.

Accordingly, the Court shall reduce Yeck's time by 7.3 hours and Martin's time by 4 hours. These deductions amount to $5,480 from the requested attorney's fees, thereby reducing the requested amount from $148,542.50 to $143,062.50.

### C.     Lodestar Multiplier

The Plaintiff requests a fee multiplier of 1.5, amounting to an additional $74,271.25. *See* Mem. at 22:20. Plaintiff argues it is entitled to this multiplier because of the contingent nature of the case, delay in payment, and the result achieved. *See* Mem. at 19:26-28. Defendant asserts it is not entitled to a fee enhancement because of the straightforward nature of the case. *See* Opp'n at 23:18-19. The Court agrees with Defendant that a multiplier of 1.5 is not warranted. This was a straightforward Song-

Case 2:23-cv-05532-JLS-AEM Document 18-13 Filed 09/18/23 Page 7 of 8 Page ID #:236
Case 5:19-cv-00847-DOC-SHK Document 73 Filed 06/03/20 Page 6 of 7 Page ID #:1256
Case 2:25-cv-01222-DJC-JDP Document 14-6 Filed 05/23/25 Page 7 of 8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 19-00847-DOC-SHK　　　　　　　　　　　　　　　　　　　Date: June 3, 2020

Page 6

Beverly case. Plaintiff was only required to establish that their client leased the Vehicle, that it had a written warranty, that it had a defect covered by the warranty, and that the Vehicle was not repaired after a reasonable opportunity to do so. Plaintiff was not required to prove the cause of the defect. Nor did this case involve novel or complex issues. Although Plaintiff's counsel accepted the case on a contingent fee basis, there is no indication that Plaintiff's counsel was precluded from other employment. The Court further finds that the hourly rates it has awarded are sufficient compensation for any sort of delaying arising from the contingent fee arrangement.

Accordingly, the Court denies the requested 1.5 multiplier and awards Plaintiff $143,062.50 in attorney's fees as accounted for above.

### D.　　Costs

The recovery of costs to the prevailing party in federal district court is generally governed by Federal Rule of Civil Procedure 54(d), not applicable state law. *Champion Produce Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). There is an exception where state substantive law allows for the awarding of costs. *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003). A court may award "costs of any kind" where the statute expressly includes costs and expenses as part of the prevailing party's damages. *Forouzan v. BMW N. Am.*, LLC, 390 F.Supp. 3d 1184, 1187 (C.D. Cal. 2019); *see also Clausen*, 339 F.3d at 1064 (awarding recovery of expert witness fees to prevailing plaintiffs where the statute expressly allows for the awarding of "costs … of any kind" to the prevailing party). A statute that expressly includes costs and expenses is an indication of the state legislature's "special interest" in allowing litigants to recover cost and expenses under the applicable statute. *Clausen*, 339 F.3d at 1064.

Here, California Civil Code section 1794(d) allows prevailing buyers "to recover as part of the judgment a sum equal to the aggregate amount of *costs and expenses . . .* determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d) (West 2019) (emphasis added). Plaintiff requests $12,123.01 in costs. Plaintiff also asks the Court to apply section 1794(d) rather than Federal Rule of Civil Procedure 54(d) because the express language of section 1794(d) indicates the California Legislature's interest in allowing prevailing plaintiffs to recover costs. The Court agrees. The Court finds that the express language of section 1794(d) indicates the California Legislature's intent to allowing prevailing buyers to recover costs.

Case 2:23-cv-05532-JLS-AFM Document 18-13 Filed 09/18/23 Page 8 of 8 Page ID #:287
Case 5:19-cv-00847-DOC-SHK Document 73 Filed 06/03/20 Page 7 of 7 Page ID #:1257
Case 2:25-cv-01222-DJC-JDP Document 14-6 Filed 05/23/25 Page 8 of 8

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 19-00847-DOC-SHK                                     Date: June 3, 2020

Page 7

Accordingly, the Court awards $12,123.01 in costs, for a total award of $155,185.51.

### IV.   Disposition

For the reasons explained above, the Court **GRANTS** the Motion in part and **AWARDS** $155,185.51 in attorney's fees, costs, and expenses.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                    Initials of Deputy Clerk: kd

CIVIL-GEN