EXHIBIT 7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division

West District, Santa Monica Courthouse, Department J

**BC638011**                                                                                    August 19, 2019
**RITA GAMEZ VS FCA US LLC**                                                          10:13 AM

Judge: Honorable Norman P. Tarle                   CSR: None
Judicial Assistant: Michael Lee                          ERM: None
Courtroom Assistant: None                              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 06/26/2019, now rules as follows:
Ruling on Plaintiff's Motion for Attorneys' Fees, Costs and Expenses

The Court awards the costs and expenses listed on the Memorandum of Costs. The Court finds
no specific challenge to the amounts or categories, and finds each to be reasonable and
permissible.

Supplemental briefs filed with the Court have not been read and are ordered stricken. There is no
request to the Court for permission to file supplemental briefs.

Pursuant to the settlement agreement reached by the parties, the Court finds that plaintiff is the
prevailing party. Civil Code section 1790, et seq. entitles the plaintiff to reasonable attorney's
fees. In applying the lodestar determination, the Court finds that the hourly rates requested for
the attorneys listed in the Declaration of Steve Mikhov in paragraphs 18-26, pages 5-7, are
eminently reasonable and well supported by the description of each attorney's background and
experience as well as the evidence of hourly rates for other attorneys employed in the area of
consumer law [para. 29, pages 7-8.].

The Court further finds that the invoice attached as Exhibit A to the Declaration of Steve Mikhov
is sufficient to support the requested fees for the work that was actually done. The invoice is
detailed and documents the work done by plaintiff's attorneys. The defense claim in the
opposition brief of block billing is unsupported by a review of the invoice. The tasks listed by the
defense in Exhibit A of the opposition do not fall within the definition of block billing. While the
defense correctly cites Heritage Pacific Fin., LLC v. Monroy (2013) 215 Cal.App. 4th 972, 1010
with regard to the definition of block billing, the real test appears at the end of the page cited:
"Trial courts retain discretion to penalize block billing when the practice prevents them from
discerning which tasks are compensable and which are not." Here, the Court has no difficulty in

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department J

**BC638011**                                                           August 19, 2019
**RITA GAMEZ VS FCA US LLC**                                           10:13 AM

Judge: Honorable Norman P. Tarle          CSR: None
Judicial Assistant: Michael Lee           ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

discerning which tasks are compensable.

During the June 26, 2019 hearing in Department J, the Court questioned plaintiff's attorney regarding a failure to make a counteroffer to the defense CCP section 998 offer on January 29, 2018, and thereby begin the process of settlement exploration. The defense argued that the failure to come back with a new offer wasted time and permitted the plaintiffs' lawyers to unnecessarily incur an additional $78,277.50 in attorney's fees. After a lengthy consideration of the facts in this case, the Court finds that the January 29, 2018 CCP section 998 offer by the defense was not made in good faith. Plaintiff had sold the vehicle in November 2017. The defense was informed of this sale by plaintiff's responses to their Special Interrogatories that were served on January 10, 2018. The $25,000 offer by the defense was certainly close to the settlement amount of $30,000, but it was tied to a condition that was impossible for the plaintiff to perform; the return of the vehicle. It is not unreasonable for the plaintiff to have ignored this offer rather than view it as a realistic opportunity to settle the case. The Court will therefore, not reduce the amount of fees actually incurred.

On the other hand, the Court declines to include a lodestar multiplier.

Plaintiff is awarded $95,497.50 in attorney's fees, and an additional $28,546.20 in costs and expenses.

Stipulated judgment dated 12/05/2018 amended for Plaintiff Rita Gamez AKA Rita Lee against Defendant FCA US LLC, a Delaware Limited Liability Company on the Complaint filed by RITA GAMEZ on 10/21/2016 for attorney fees of $95,497.50 and costs of $28,546.20 for a total of $124,043.70.

Other: Terms of Binding Stipulation recorded by Court Reporter

See written stipulation for further terms and conditions.

Clerk to give notice. Certificate of Mailing is attached.

**PROOF OF SERVICE**

[CCP, 1013a (3) CRE Rule 2006]

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1800 Century Park E, Suite 600, Los Angeles, Ca 90067.

On September 19, 2019, I served the foregoing document described as:

**DECLARATION OF SEPEHR DAGHIGHIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR COUNSEL HACKLER, DAGHIGHIAN, MARTINO & NOVAK'S ATTORNEYS' FEES**

That document was served on parties herein in this proceeding by placing true copies of the original in enclosed, sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[](BY MAIL)** I am "readily familiar" with the practices of HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C., in collecting and processing correspondence and documents for mailing.  Under that practice, documents for mailing would be deposited with the US Postal Service on that same day this affidavit is signed with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date is more than 1-day after the day of deposit for mailing the affidavit.  [CCP § 1013]

**[X] (BY OVERNIGHT MAIL)** I am "readily familiar" with the practices of HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C., for collection and processing of documents for mailing via overnight delivery. I caused such document(s) to be placed in a sealed envelope designated by the overnight service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnight service carrier with delivery fees paid or provided for. [CCP § 1013(c)]

[] **(BY ELECTRONIC MAIL)** I caused the document(s) to be transmitted by electronic mail to the e-mail addresses for each party indicated on the attached service list.

**[] (BY PERSONAL DELIVERY)** I caused to be delivered such envelope by hand to the addressee at the address indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 19, 2019.

/s/ Andrea Plata
Andrea Plata

DECLARATION OF SEPEHR DAGHIGHIAN IN SUPPORT OF
PLAINTIFF'S MOTION FOR COUNSEL HDMN'S ATTORNEYS' FEES

1

## SERVICE LIST

2

**KNIGHT LAW GROUP LLP**                          *Counsel for Plaintiff*

3
Steve Mikhov, Esq.
1801 Century Park East, Suite 2300

4
Los Angeles, CA 90067

5

6
**HAWKINS PARNELL & YOUNG LLP**              *Counsel for Defendant:* FCA US LLC

Barry Schirm, Esq.

7
Elizabeth Branham, Esq.
Kristoffer Jacob, Esq.

8
Evan Holober, Esq.
345 California Street, Suite 2850

9
San Francisco, CA 94104

10
ebranham@hpylaw.com
eholober@hpylaw.com

11
kjacob@hpy.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SEPEHR DAGHIGHIAN IN SUPPORT OF
PLAINTIFF'S MOTION FOR COUNSEL HDMN'S ATTORNEYS' FEES