UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ERIC ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No. 2:25-cv-01222-DJC-JDP<br><br><br><br>ORDER |

In the Reply brief supporting his client's Motion to Remand, Plaintiff's counsel, Erik Whitman, provided two fabricated quotations. The Court issued an Order to Show Cause for Mr. Whitman to explain the quotations. In the Response, Mr. Whitman not only failed to address the origin of these quotations, but he continued to misrepresent caselaw and provided a third fabricated quotation. For the reasons stated below, the Court finds that Mr. Whitman violated Federal Rule of Civil Procedure 11 and Local Rule 180(e). Accordingly, the Court refers this matter to the State Bar of California.

**BACKGROUND**

Defendant Mercedes-Benz USA LLC removed this action to federal court. (Notice of Removal, ECF No. 1.) Plaintiff Juan Eric Allen, represented by Mr. Whitman,

1

1  then moved to remand this case to state court.  (Motion to Remand, ECF No. 5.)  Mr.
2  Whitman is a member of the State Bar of California.[1]  In the Reply brief in support of
3  the Motion to Remand, Mr. Whitman provided two quotations that do not appear in
4  their cited authority.  First, he stated, "Jurisdiction must be determined on the basis of
5  the pleadings, viewed at the time the petition for removal was filed." (Reply at 1
6  (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)).)
7  Second, Mr. Whitman wrote, "The Ninth Circuit expressly prohibits '[p]ost-removal
8  evidence may not be used to create jurisdiction, only to clarify it.'" (*Id*. (quoting
9  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).)
10 Because the Court could not locate these quotations in the cases cited, it ordered
11 Plaintiff to "explain the origin of" these quotations.  (Order to Show Cause, ECF No.
12 16.)  Mr. Whitman responded, albeit a day late.  (Response, ECF No. 18.)

**LEGAL STANDARD**

**A.  Federal Rule of Civil Procedure 11**

Federal Rule of Civil Procedure ("FRCP") 11 states, "By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).  FRCP 11 imposes on counsel an affirmative duty to investigate the caselaw before submitting a court filing.  *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987).

**B.  Local Rule 180**

Local Rule 180(e) provides that any attorney appearing in this Court shall

---

[1] Mr. Whitman lists his California bar number on his filings as 297397.  The Court confirmed his registration and bar number based on a public search of the California Bar member directory.  *See* California Attorney Search, https://apps.calbar.ca.gov/attorney/Licensee/Detail/297397 (last visited June 20, 2025.).

1  "comply with the standards of professional conduct required of members of the State
2  Bar of California and contained in the State Bar Act, the Rules of Professional Conduct
3  of the State Bar of California, and court decisions applicable thereto, which are hereby
4  adopted as standards of professional conduct in this Court."  Rule 3.3 of the Rules of
5  Professional Conduct of the State Bar of California requires candor to the tribunal.
6  Rule 3.3(a)(1) provides that a lawyer shall not "knowingly make a false statement of fact
7  or law to a tribunal or fail to correct a false statement of material fact or law previously
8  made to the tribunal by the lawyer."

## DISCUSSION

10  In the Response, Mr. Whitman failed to address the origin of the quotations that
11  the Court ordered him to explain.  (*See* Order to Show Cause.)  Instead, he
12  confusingly provided an updated section of legal authority, which included an
13  explanation of *Matheson* and *Crum* – the two cases that Mr. Whitman represented
14  contained the quotations in the Reply brief.  Mr. Whitman wrote that "the Ninth Circuit
15  made clear in *Matheson*" that "'conclusory allegations as to the amount in controversy
16  are insufficient,' and the defendant must establish removability by a preponderance of
17  the evidence at the time of removal." (Response at 1 (citing *Matheson*, 319 F.3d at
18  1091.)  *Matheson* does support these positions, but Mr. Whitman failed to explain the
19  quotation in the Reply brief that does not appear in *Matheson*: "[p]ost-removal
20  evidence may not be used to create jurisdiction, only to clarify it."  (*See* Reply at 1.)
21  *Matheson* does not support this proposition, as it does not address post-removal
22  evidence at all, much less narrow the purposes for which it can be introduced.
23  As for *Crum*, Mr. Whitman stated in the Response, "*Crum* cautioned against
24  using post-removal evidence to assert jurisdiction ex post facto, particularly where the
25  removing defendant failed to establish the amount in controversy at the time of
26  removal.  This case supports the conclusion that late-submitted evidence not
27  referenced in the removal notice should be treated with skepticism and, when
28  untimely or inconsistent, should not be permitted to sustain federal jurisdiction."

1  (Response at 1–2.)  *Crum* does not stand for this proposition.  In fact, the Ninth Circuit
2  in *Crum* did not hear a case that had been removed from state court: the words
3  "removed" or "removal" appear nowhere in the opinion.  Rather, the Ninth Circuit
4  addressed whether it appeared to a legal certainty that the plaintiff's claim was for less
5  than the jurisdictional amount.  231 F.3d at 1129.  The *Crum* court did not address the
6  consideration of the timing of evidence, much less in the removal context.  The
7  opinion's only mention of the word "evidence" came in this sentence: "The district
8  court also cited *LeBlanc v. Spector*, 378 F. Supp. 301, 307–08 (D. Conn. 1973), for the
9  proposition that 'amending a jurisdictionally defective complaint merely to raise the
10  prayer above the jurisdictional amount may be independent evidence the
11  amendment was colorable for the purpose of conferring jurisdiction.'"  *Id.* at 1131.
12  This sentence does not support Mr. Whitman's representation.  Moreover, just as with
13  *Matheson*, Mr. Whitman failed to explain the origin of the quotation he attributed to
14  *Crum*: "Jurisdiction must be determined on the basis of the pleadings, viewed at the
15  time the petition for removal was filed."  (*See* Reply at 1.)  Because *Crum* does not
16  address removal, it does not support the quotation that Mr. Whitman provided in the
17  Reply.
18        The Court finds that neither quotation from the Reply appears in the cited
19  authorities, *Matheson* and *Crum*.  What is more, the Court searched for these
20  quotations on Westlaw and Lexis, and there were zero results for any case containing
21  either quotation.  Mr. Whitman failed to explain the origin of these fabricated
22  quotations, and he continues to misrepresent *Crum* and its import.
23        Additionally, in the Response, Mr. Whitman stated that additional support for
24  his position "is found in *Voss-Curry v. Crown Equipment Corp.*, 2022 WL 4234099
25  (W.D. Wash. Sept. 14, 2022), where the court underscored that 'defendants cannot
26  meet their burden of showing federal jurisdiction merely by relying on vague
27  references to injury; they must present competent proof that the amount in
28  controversy exceeds the jurisdictional minimum.'"  (Response at 2 (quoting *Voss-*

*Curry*, 2022 WL 4234099 at *2).) This quotation does not appear in *Voss-Curry*. In fact, this quotation also did not appear in any results in Westlaw or Lexis. Instead, it appears to be fabricated. The closest holding of *Voss-Curry* is where the court stated "Voss-Curry counters that Defendants cannot meet their burden of establishing jurisdiction by simply relying on averments in the complaint." 2022 WL 4234009 at *2. But even this sentence does not support Mr. Whitman's representation because it is describing the plaintiff's argument, not the court's holding. Moreover, the court went on to reject the plaintiff's argument, holding that the complaint alone supported a finding that the amount in controversy exceeded the jurisdictional threshold. *See id.* at *3 ("While the complaint does not delineate a specific dollar amount for damages, the Court is not required to turn a blind eye to the reality that based on the factual allegations set forth in the complaint, the amount in controversy exceeds $75,000.") Mr. Whitman, in response to a court order to explain fabricated quotations, included yet another fabricated quotation, and this quotation – just like the ones in *Matheson* and *Crum* – is not supported by the cited case.

By providing fabricated quotations in the Reply and the Response, the Court finds that Mr. Whitman violated FRCP 11 because he did not act reasonably under the circumstances to ensure that the legal contentions in his brief were accurately representing existing law. Similarly, the Court finds that Mr. Whitman violated Local Rule 180(e) by way of violation of Rule 3.3(a)(1) of the Rules of Professional Conduct of the State Bar of California, as Mr. Whitman knowingly made, and failed to correct, false statements of law.

////
////
////
////
////
////

5

**CONCLUSION**

For the reasons stated above, the Court finds that Erik Whitman violated Federal Rule of Civil Procedure 11 and Local Rule 180(e). The Court refers this matter to the State Bar of California for whatever proceedings the State Bar deems appropriate. The Court orders the Clerk of the Court to serve a copy of this order on the State Bar of California.

IT IS SO ORDERED.

Dated:   **June 23, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE