1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JUAN ERIC ALLEN,                        No. 2:25-cv-01222-DJC-JDP

12                 Plaintiff,

13          v.                                ORDER DENYING MOTION TO REMAND

14    MERCEDES-BENZ USA, LLC, a
      Delaware Limited Liability Company;
15    and DOES 1 through 20, inclusive,

16                 Defendants.

17

18          Defendant leased Plaintiff a vehicle that was under warranty against defects.

19   After allegedly discovering nonconformities, Plaintiff brought the car to an authorized

20   service repair facility, which allegedly did not cure the defects.  Plaintiff filed suit in

21   state court, Defendant removed to this Court based on diversity jurisdiction, and

22   Plaintiff now seeks remand.  While the parties seemingly agree that there is diversity of

23   citizenship, they disagree as to whether the amount in controversy exceeds the

24   jurisdictional threshold, in large part because they dispute whether statutory civil

25   penalties and attorneys' fees should be included in the calculation.  The Court holds

26   that these components should be included and therefore finds that the amount in

27   controversy in this action exceeds $75,000.  Accordingly, the Court DENIES Plaintiff's

28   Motion to Remand (ECF No. 5.).

                                          1

1

## BACKGROUND

2     In December 2024, Juan Eric Allen ("Plaintiff") leased a new car ("the Vehicle")

3 from Mercedez-Benz USA, LLC ("Defendant"). (Compl. ¶¶ 3, 6, ECF No. 1-1; Lease

4 Agreement, ECF No. 13-2.) Defendant issued express and implied warranties,

5 including that the Vehicle would be free from all defects and that Defendant would

6 perform any necessary repairs. (Compl. ¶ 7.) Plaintiff received the Vehicle and

7 allegedly discovered "serious defects and nonconformities to warranty" relating to the

8 electrical and engine systems. (*Id*. ¶ 9.) Plaintiff alleges that, on multiple occasions, he

9 presented the Vehicle to Defendant for repair, and each time Defendant failed to

10 conform the Vehicle to the applicable warranties. (*Id*. ¶ 18.) Plaintiff then filed suit,

11 bringing claims for violation of California's Song-Beverly Act. (*Id*. ¶¶ 24–49.)

12     Plaintiff originally field suit in the Superior Court of California, County of

13 Sacramento. (Notice of Removal, ECF No. 1.) Defendant then timely removed the

14 case. (*See id*.; Fed. R. Civ. P. 6(a)(1)(C).) Defendant asserted that the Court has

15 diversity jurisdiction, alleging that Plaintiff is a citizen of California and Defendant is a

16 citizen of Delaware, Georgia, and Michigan. (Notice of Removal at 2–3.) Though

17 Plaintiff did not plead an exact amount in controversy, Defendant alleged that

18 because Plaintiff could reasonably receive civil penalties and attorneys' fees for his

19 claims, the amount in controversy exceeds $75,000. (*Id*. at 3–4.)

20     Plaintiff now moves to remand the case. (Mot. at 1.) While conceding that

21 there is complete diversity of citizenship, Plaintiff maintains that the amount in

22 controversy does not satisfy the jurisdictional threshold, principally arguing that civil

23 penalties and attorneys' fees should not be included in this calculation. (*Id*. at 4–7.)

24 Defendant counters that that those components are proper to include in the total

25 amount at stake in this litigation. (Opp'n at 3–9, ECF No. 13.) Pursuant to Local Rule

26 230(g), this Motion is submitted without oral argument.

27

## LEGAL STANDARD

28     Under 28 U.S.C. Section 1441, a defendant may remove a civil action from state

1    court to federal court if there exists original jurisdiction.  *City of Chicago v. Int'l Coll. of*

2    *Surgeons*, 522 U.S. 156, 163 (1997).  Courts strictly construe the removal statute

3    against removal and federal jurisdiction must be rejected if there is any doubt as to

4    the right of removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party

5    removing a case to federal court "has the burden to prove, by a preponderance of the

6    evidence, that removal is proper."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex*

7    *rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

8                                **DISCUSSION**

9    **I.    Request for Judicial Notice**

10           A district court may take judicial notice of a fact that is "not subject to

11   reasonable dispute because it can be accurately and readily determined from sources

12   whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

13   Defendant requests the Court take judicial notice of other court proceedings.

14   (Request for Judicial Notice, ECF No. 14.)  Plaintiff argues that this request is

15   inappropriate because: (1) the proceedings are not relevant; (2) the documents

16   contain disputed facts; and (3) the documents cause undue prejudice and confusion.

17   (Reply at 3–4, ECF No. 15.)  The Court finds these arguments unpersuasive.

18           First, the other proceedings are relevant because they relate to attorneys' fees

19   in Song-Beverly actions.  (*See* Request for Judicial Notice.)  A court "may take notice of

20   proceedings in other courts, both within and without the federal judicial system, if

21   those proceedings have a direct relation to matters at issue."  *Trigueros v. Adams*, 658

22   F.3d 983, 987 (9th Cir. 2011) (citation omitted).  Because the other proceedings have

23   a direct relation to this action, they are appropriate for judicial notice.

24           Second, Plaintiff does not explain how the other proceedings contain disputed

25   facts.  (*See* Reply at 3.)  On the contrary, these proceedings are appropriate for judicial

26   notice because they "can be accurately and readily determined from sources whose

27   accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b)(2).

28           Finally, Plaintiff argues that the other court proceedings "mislead[] the Court

                                     3

1    and improperly suggest[] an entitlement to extraordinary damages absent specific

2    pleading or factual basis." (Reply at 4.)  But Defendant is merely pointing out how

3    courts typically handle attorneys' fees in Song-Beverly actions, which it is entitled to do

4    through judicial notice of other court proceedings.  Plaintiff furthers that a law firm

5    involved in one of the requested proceedings is under investigation for overbilling.

6    (*Id*.)  The Court fails to see why this allegation warrants denying Defendant's request.

7         However, because the Court need not consider the other court proceedings to

8    reach its decision below, the Court denies as moot Defendant's Request for Judicial

9    Notice (ECF No. 14.).

10   **II.    Consideration of Post-Removal Filings**

11        Plaintiff argues that Defendant improperly introduced evidence after filing the

12   notice of removal.  (Reply at 1.)  "Defective allegations of jurisdiction may be

13   amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  While a

14   defendant must file a notice of removal within thirty days of service, they "may amend

15   the Notice of Removal after the thirty day window has closed to correct a defective

16   allegation of jurisdiction." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't*

17   *Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (cleaned up).  Accordingly, "a

18   district court may consider later-provided evidence as amending a defendant's notice

19   of removal." *Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 636

20   (9th Cir. 2010); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002)

21   ("The district court did not err in construing [defendant's] opposition as an

22   amendment to its notice of removal.").

23        In light of this precedent, the Court construes Defendant's post-removal filing

24   and evidence as amending the Notice of Removal.  The Court therefore disagrees

25   with Plaintiff and considers all filings in this action to reach its decision.

26   **III.   Diversity Jurisdiction**

27        A court may exercise diversity jurisdiction over a matter where there is diversity

28   of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

1  The Court addresses these requirements in turn.

2  **A. Diversity of Citizenship**

3  An action may be removed to federal court based on diversity jurisdiction only

4  where there is complete diversity of citizenship between the parties.  *Hunter v. Phillip*

5  *Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. §§ 1332(a), 1441(b)).

6  For diversity purposes, a person is a citizen of a state if he is a citizen of the United

7  States and domiciled in that state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,

8  1090 (9th Cir. 1983).  An LLC is a citizen of the state of which its owners or members

9  are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.

10  2006).  "In determining whether a civil action is removable on the basis of [diversity

11  jurisdiction], the citizenship of defendants sued under fictitious names shall be

12  disregarded."  28 U.S.C. § 1441(b)(1).

13  Defendant alleges Plaintiff is a citizen of California, which is supported by

14  Plaintiff's Lease Agreement listing his address in California.  (Notice of Removal at 2;

15  Lease Agreement.)  Plaintiff does not contest this allegation or present any evidence

16  to the contrary.  As such, the Court finds for purposes of this motion that Plaintiff is a

17  citizen of California.  Plaintiff alleges Defendant is a Delaware L.L.C.  (Compl. ¶ 1.)

18  Defendant corroborates this allegation, pleading that its principal place of business is

19  in Georgia.  (Notice of Removal at 2.)  Defendant further states that its only member,

20  Mercedes-Benz North America Corporation, is a Delaware corporation with its

21  principal place of business in Michigan.  (*Id*. at 3.)  Neither party presents any

22  evidence suggesting that Defendant is a citizen of any other state.  The Court

23  therefore finds that Defendant is not a citizen of California, meaning that there is

24  complete diversity of citizenship.

25  **B. Amount in Controversy**

26  Where, as here, the complaint does not include an amount in controversy, the

27  notice of removal must include "a plausible allegation that the amount in controversy

28  exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*,

5

1    574 U.S. 81, 89 (2014).  "[T]he amount in controversy is not limited to damages

2    incurred prior to removal . . . but rather is determined by the complaint operative at

3    the time of removal and encompasses all relief a court may grant on that complaint if

4    the plaintiff is victorious."  *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d

5    785, 791 (9th Cir. 2018) (internal quotations and citation omitted).  As such, the Ninth

6    Circuit recognized that "the amount in controversy reflects the *maximum* recovery the

7    plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920,

8    927 (9th Cir. 2019) (citation omitted) (emphasis original).

9         To determine the amount in controversy, the Court addresses the following

10   relevant components: (1) damages; (2) civil penalties; (3) mileage offset that

11   Defendant can recover; and (4) attorneys' fees.

12        **1.  Damages**

13        Plaintiff alleges that the "amount in controversy" exceeds $35,000.  (Compl.

14   ¶ 19.)  The Court construes this allegation as alleging that the amount of Plaintiff's

15   restitution damages is at least $35,000 because Plaintiff states that "[i]n addition" to

16   this "amount in controversy," he seeks damages from Defendants "for incidental,

17   consequential, exemplary, and actual damages including interest, costs, and actual

18   attorneys' fees."  (*Id*.)  In his Prayer for Relief, Plaintiff seeks rescission of the contract,

19   restitution of all monies expended, damages, civil penalty in the amount of two times

20   his actual damages, and attorneys' fees.  (*Id*. at 10.)  There is no indication that Plaintiff

21   included all these forms of recovery in his $35,000 calculation.  On the contrary,

22   Plaintiff states in his briefing that he "requested restitution damages for the lease value

23   of their [sic] vehicle in excess of $35,000 and civil penalties of twice Plaintiff's actual

24   damages, totaling over $75,000."  (Mot. at 4.)  As such, the Court finds that Plaintiff's

25   restitution damages are at least $35,000.  Though Plaintiff pleads that he seeks other

26   forms of damages, the Court assumes for the purposes of this motion that Plaintiff's

27   overall damages are $35,000.  (*See* Compl. ¶ 19.)

28   ////

**2. Civil Penalties**

Potential punitive damages are part of the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001). The Song-Beverly Act provides for civil penalties up to two times the amount of damages. Cal. Civ. Code §§ 1794(c), (e). Defendant correctly points out that California courts have held that civil penalties under Song-Beverly are akin to punitive damages and therefore are treated as such. *See* Opp'n at 4 (citing *Suman v. Superior Court*, 39 Cal. App. 4th 1309, 1317 (1995); *Kwan v. Mercedes–Benz of N. Am., Inc.*, 23 Cal. App. 4th 174, 184 (1994); *Troensegaard v. Silvercrest Industries, Inc.*, 175 Cal. App. 3d 218, 226–28 (1985)). Accordingly, courts in this circuit have held that it is proper to include Song-Beverly civil penalties in the amount in controversy calculation. *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) (collecting cases); *see also Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1004 (C.D. Cal. 2021) (holding that "the amount in controversy estimate may include a two-times civil penalty" under Song-Beverly).

Though Plaintiff requests a civil penalty in the amount of two times his actual damages, *see* Compl. at 10, he argues that it is inappropriate to include this penalty here because it is "speculative" to calculate a civil penalty without knowing a precise amount of damages. (Mot. at 5.) But Plaintiff himself states that his restitution damages are at least $35,000. (*Id*. at 4.) Plaintiff thus fails to explain why it is "speculative" to include a civil penalty of two times the amount of damages that Plaintiff himself considers the floor of his overall damages.

The Court finds that Plaintiff could reasonably recover a civil penalty. A plaintiff can recover a civil penalty under Song-Beverly if the defendant's failure to comply with a warranty was "willful." Cal. Civ. Code § 1794(c). Plaintiff alleges that, on multiple occasions, he presented the Vehicle to Defendant for repair, and each time Defendant failed to conform the Vehicle to the applicable warranties. (Compl. ¶ 18.) He therefore alleges that Defendant's failure to cure the defects "was intentional and justifies an award of a Civil Penalty." (Id. ¶ 35.) Based on these allegations, the Court

1  finds that Plaintiff could show that Defendant's alleged violation of warranty was willful

2  such that he could reasonably recover a civil penalty.[1]  Accordingly, the Court must

3  account for a civil penalty of two times the amount of damages to determine Plaintiff's

4  "maximum recovery."  *See Arias*, 936 F.3d at 927.  Given the Court's calculation of

5  Plaintiff's damages at $35,000, the Court adds a civil penalty of $70,000, bringing the

6  amount in controversy to $105,000.

7       **3.  Mileage Offset**

8       Under Song-Beverly, when a defendant manufacturer pays restitution to a

9  plaintiff buyer:

10  > the amount to be paid by the manufacturer to the buyer may be reduced
11  > by the manufacturer by that amount directly attributable to use by the
      > buyer prior to the time the buyer first delivered the vehicle to the
12  > manufacturer or distributor, or its authorized service and repair facility for
      > correction of the problem that gave rise to the nonconformity. The
13  > amount directly attributable to use by the buyer shall be determined by
      > multiplying the actual price of the new motor vehicle paid or payable by
14  > the buyer, including any charges for transportation and manufacturer-
      > installed options, by a fraction having as its denominator 120,000 and
15  > having as its numerator the number of miles traveled by the new motor
      > vehicle prior to the time the buyer first delivered the vehicle to the
16  > manufacturer or distributor, or its authorized service and repair facility for
17  > correction of the problem that gave rise to the nonconformity.

18  Cal. Civ. Code § 1793.2(d)(2)(C).

19       Accordingly, the Court must reduce the amount in controversy by the mileage

20  offset to which Defendant would be entitled.  The parties disagree over the price of

21  the Vehicle.  Defendant provides a Carfax report that estimates the current value of the

22  Vehicle at $61,530.00.  (Notice for Removal, Ex. B.)  Plaintiff argues that this evidence

23  lacks foundation.  (Mot. at 5.)  The Court agrees, finding that the Carfax report simply

24  lists the make of the car and the vehicle identification number.  (*See* Notice of

25  Removal, Ex. B.)  Defendant does not explain why the Court can rely on this report.

26       In its opposition brief, Defendant no longer relies on the Carfax report and

27

28  [1] Plaintiff does not argue that he could not reasonably recover a civil penalty, and for good reason: that
     would undercut his explicit demand for one.  (*See* Compl. at 10.)

1    instead utilizes the total value of the lease, which was $81,551.08.  (Opp'n at 3 (citing

2    Lease Agreement).)  Plaintiff counters that this number is inappropriate because it only

3    represents the amount payable under the Lease Agreement, not the amount that

4    Plaintiff paid.  (Reply at 2.)  But under Song Beverly, the statute explicitly states that the

5    value of the vehicle used in the formula is "the actual price of the new motor vehicle

6    paid or payable by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(C).  Because the statute

7    directs courts to use the amount "payable by the buyer," the Court uses the total

8    amount of payments due under the lease, which totaled $81,551.08.

9        Plaintiff leased the Vehicle with 62 miles on the odometer, and his first

10    warrantable concern occurred at 479 miles, meaning Plaintiff drove 417 miles.

11    (Gallagher Decl. ¶¶ 2–3, ECF No. 13-1.)  Because this mileage is the amount directly

12    attributable to Plaintiff when he "first delivered the vehicle to the manufacturer or

13    distributor, or its authorized service and repair facility for correction of the problem

14    that gave rise to the nonconformity," the Court must use this milage to calculate

15    Defendant's reduction.  See Cal. Civ. Code § 1793.2(d)(2)(C).  Using the formula

16    provided for in the statute, Defendant correctly calculates that it would be entitled to

17    reduce judgment by $283.39 ($81,551.08 x (417/120,000)) .  (See Opp'n at 7.)

18    Accounting for this reduction, the revised amount in controversy is $104,716.61.

19        **4.  Attorneys' fees**

20        Finally, where attorneys' fees are recoverable under state law, they are included

21    in the amount in controversy.  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155–56

22    (9th Cir. 1998).  Because Plaintiff brings claims pursuant to Song-Beverly, he may

23    recover attorneys' fees if he prevails.  Cal. Civ. Code § 1794(d).  Though Plaintiff seeks

24    attorneys' fees, see Compl. at 10, he argues that their inclusion in the amount in

25    controversy is inappropriate because there is not "competent evidence of the likely

26    fees in this case, especially given its early stage."  (Mot. at 6. (citing Lowdermilk v. U.S.

27    Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruling on other grounds

28    recognized by Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir.

9

1    2013)).)  However, *Lowdermilk* does not support Plaintiff's position.  The Ninth Circuit

2    there held that because the state statute provided for attorneys' fees, they are

3    included in the amount of controversy.  *Lowdermilk*, 479 F.3d at 1000.  The court said

4    nothing about calculating a particular amount of attorneys' fees.

5          In Song-Beverly actions, courts in this circuit have held that "[e]stimating a fee

6    award of 25% of plaintiffs' recovery is reasonable in determining the amount in

7    controversy."  *Boone v. FCA US LLC*, No. 21-CV-01591-JD, 2021 WL 5331440, at *1

8    (N.D. Cal. Nov. 16, 2021); *see also Lucas v. Michael Kors (USA), Inc.*, No. CV-18-1608-

9    MWF (MRWx), 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018) ("[O]ther courts in this

10   Circuit have similarly applied a [25%] benchmark figure to calculate attorneys' fees in

11   [Class Action Fairness Act] wage and hour cases." (collecting cases)).  The Court

12   agrees that estimating an attorneys' fees award of 25% is reasonable.  As such,

13   Plaintiff's counsel would be entitled to $26,179.15.

14         Adjusting for attorneys' fees, the total amount in controversy is $130,895.76.

15   Because the amount in controversy exceeds the jurisdictional threshold, and because

16   there is complete diversity of citizenship, the Court finds that it has diversity

17   jurisdiction over this case.

18   **CONCLUSION**

19         For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand

20   (ECF No. 5.).  The hearing scheduled for July 17, 2025, at 1:30 p.m. in Courtroom 7

21   before District Judge Daniel J. Calabretta is VACATED.

22
23         IT IS SO ORDERED.

24   Dated:   **June 23, 2025**

25   Hon. Daniel J. Calabretta
     UNITED STATES DISTRICT JUDGE

26
27
28