UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN ERIC ALLEN,

          Plaintiff,

v.

MERCEDES-BENZ USA LLC,

          Defendant.

No. 2:25-cv-01222-DJC-JDP

ORDER

Plaintiff Juan Eric Allen filed a Song-Beverly action, also known as a lemon law matter, in state court alleging breach of warranties for a leased Mercedes-Benz vehicle.  Following removal to this Court, Defendant Mercedes-Benz USA LLC filed a Motion to Compel Arbitration.  Because Defendant is an intended third-party beneficiary of the parties' arbitration agreement, the Motion to Compel Arbitration (ECF No. 24) is GRANTED.

////

////

////

////

////

////

1

**BACKGROUND**

As the facts and procedural history are known to the parties, as set out in a prior order denying Plaintiff's motion to remand (ECF No. 20), the Court declines to recount it here except as needed.

On June 24, 2025, Defendant Mercedes-Benz USA LLC ("Defendant") filed a Motion to Compel Arbitration. (Mot. (ECF No. 24).) The Motion is fully briefed. (Opp'n (ECF No. 25); Reply (ECF No. 26).) Pursuant to Local Rule 230(g), the matter was submitted on the papers. (ECF No. 27.)

**LEGAL STANDARD**

The FAA governs arbitration agreements. 9 U.S.C. § 2. Under the FAA, a signatory to an arbitration agreement may obtain an order directing a noncomplying party to arbitrate in the manner provided for in the agreement. 9 U.S.C. § 4. In weighing a motion to compel arbitration, a court must determine: (1) Whether a valid agreement to arbitrate exists and, if it does; (2) Whether the agreement encompasses the dispute at issue. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016). "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).

"When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard" of Federal Rule of Civil Procedure 56. *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004) (citations omitted). The party opposing arbitration receives the benefit of any reasonable doubts and the court draws reasonable inferences in that party's favor, and only when no genuine disputes of material fact surround the arbitration agreement's existence and applicability may the court compel arbitration. *Id.*; *see Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991). The decision to compel arbitration is mandatory, not discretionary, if the requirements are met. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

**DISCUSSION**

The parties disagree whether Defendant has standing and can compel arbitration. The Court concludes that Defendant has standing as an intended third-party beneficiary and will grant the Motion. "The limited role of the district court under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019) (cleaned up and citation omitted).

A valid agreement exists here. Defendant bears the burden to prove by a preponderance of the evidence that a contract to arbitrate was formed. *Id.* Defendant provides a copy of the Lease Agreement that Plaintiff signed with the dealership where he purchased the vehicle. (*See generally* Lease Agreement (ECF No. 24-3).) The Lease Agreement states that it is between Plaintiff and Mercedez-Benz of Sacramento, and it is signed by both parties. (*Id.* at 2, 7.) The Lease Agreement also notifies the lessee – Plaintiff – in black bolded lettering, about "Important Arbitration Disclosures." (*Id.* at 5–6.)

These arbitration disclosures include the following paragraph:

> [a]ny claim or dispute, whether in contract, tort or otherwise ... between you and us or any of our employees, agents, successors, assigns, or the vehicle distributor, including *Mercedes-Benz USA LLC* (each a '*Third Party Beneficiary*'), which arises out of or relates to a credit application, this lease, or any resulting transaction or relationship arising out of this lease (including any such relationship with third parties who do not sign this contract) shall, at the election of either you, us or a Third Party Beneficiary, be resolved by a neutral, binding arbitration and not by a court action.

(Lease Agreement at 5 (emphasis added).) Relying on this language, Defendant points out that it is a named and intended third-party beneficiary of the lease's arbitration provisions and can invoke arbitration, whereas Plaintiff contends that there "simply are no terms in the lease that govern Plaintiff's claims against Defendant[,]" (Opp'n at 9). Defendant has the better argument.

State law determines whether a non-signatory to an agreement containing an arbitration clause may compel arbitration. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631–32 (2009). Under California law, a non-signatory is a third-party beneficiary only to a contract "made expressly for [its] benefit." Cal. Civ. Code § 1559. The Ninth Circuit has analyzed California law in determining whether one is a third-party beneficiary. *See Ngo v. BMW of N.A., LLC*, 23 F.4th 942, 946 (9th Cir. 2022). The *Ngo* Court explained that pursuant to the California Supreme Court's decision in *Goonewardene v. ADP, LLC*, Defendant must prove that "express provisions of the contract," considered in light of the "relevant circumstances," show that (1) "the third party would in fact benefit from the contract;" (2) "a motivating purpose of the contracting parties was to provide a benefit to the third party;" and (3) permitting the third party to enforce the contract "is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Id.* (quoting *Goonewardene*, 6 Cal. 5th 817, 830 (2019)). Defendant satisfies these requirements.

*First*, the arbitration disclosures expressly identify and describe Defendant as a third-party beneficiary, which demonstrates that Defendant in fact benefits from the contract. *Second*, there is a motivating purpose to benefit Defendant because the disclosures expressly empower Defendant with the authority to compel arbitration. By their terms, the disclosures provide that "any claim or dispute . . .shall, at the *election of* either you, us or *a Third Party Beneficiary*, be resolved by a neutral, binding arbitration and not by a court action." (Lease Agreement at 5 (emphasis added).) *See Ngo*, 23 F.4th at 948 (empowering specific parties to compel arbitration reflects intent to benefit only those parties). And *third*, permitting Defendant to enforce the contract is consistent with the objectives of the parties' agreement, which, among other things, includes establishing the terms of arbitration and who is authorized to compel it. "The compelling inference from this arrangement is that the parties knew how to give enforcement powers to non-signatories when they wished to do so . . . ." *Id.*

Therefore, the Court concludes that Defendant is a third-party beneficiary empowered to compel arbitration.

Plaintiff's alternative arguments do not change this outcome.  Plaintiff initially contends that the California Supreme Court's ruling in *Ford Motor Warranty Cases* controls, which, like this case, concerned contracts between buyers and car dealerships.  (Opp'n at 5.)  However, *Ford Motor* is easily distinguishable.  In *Ford Motor*, the Court applied principles of equitable estoppel to conclude that Ford, the vehicle manufacturer, could not enforce an arbitration provision in an agreement between a buyer and a car dealership because the plaintiff's claims were not "intimately founded in and intertwined with" the vehicle sales contract but were instead based on "obligations imposed by statute or conventional fraud duties."  17 Cal. 5th 1122, 1126 (2025).  The Court specifically noted that the third-party beneficiary exception did not apply because "nothing in the agreement between plaintiffs and the seller dealers expressed an intent to empower third parties to invoke the arbitration clause."  *Id*. at 1129.  Here, unlike in *Ford Motor*, the arbitration disclosures plainly identify and describe Mercedes-Benz USA LLC as a third-party beneficiary.  Plaintiff's reliance on *Ford Motor* is therefore misplaced.

Plaintiff also asserts that his claims against Defendant arise under the Song Beverly Act and not pursuant to any lease terms.  (Opp'n at 8–9.)  But the arbitration disclosures permit Defendant to compel arbitration of any claim or dispute "which arises out of or relates to . . . any resulting relationship arising out of this lease (including any such relationship with third parties who do not sign this contract) . . . ."  Plaintiff's lawsuit against Defendant arises out of the relationship governing the parties' obligations under the Song Beverly Act and so it is clearly within the scope of the arbitration provision.  *See, e.g.*, *Attalah v. Mercedes-Benz USA*, No. 2:24-cv-01245-JDE, 2024 WL 4445275, at *4 (C.D. Cal. Aug. 15, 2024) (concluding that identical arbitration provision covers Song-Beverly warranty claims), *Ayad v. Mercedes-Benz, LLC*, No. 5:24-cv-01111-WLH-SK, 2024 WL 5369370, at *3 (C.D. Cal. Oct. 21, 2024)

(same).  The Court thus concludes that the arbitration agreement covers the parties' dispute, and this matter will be ordered to arbitration.

<strong>CONCLUSION</strong>

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration (ECF No. 24) is GRANTED.  This matter will be STAYED pending resolution of the arbitration.  Defendant shall file a notice of completion with the Court within thirty (30) days of the completion of arbitration.  The Clerk of Court is directed to administratively close this case.

IT IS SO ORDERED.

Dated:  **May 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE